**Julie ALBERT, Appellee,**

v.

**Roy T. ALBERT, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1998.
Filed March 24, 1998

---

Timothy J. McCormick, Greensburg, for appellant.

Gary A. Falatovich, Greensburg, for appellee.

Before JOHNSON, JOYCE and MONTEMURO *, JJ.

JOYCE, Judge:

This is an appeal from the final order of the trial court which denied Appellant's exceptions to the hearing officer's report and directed Appellant to pay $150.00 per month on the support arrearages. We affirm.

The relevant facts of this case are as follows. Appellant, Roy Albert, Jr., and Appellee, Julie Albert, were married in 1972. Two children were born during the marriage.[1] The parties separated in July, 1991.[2] After the parties' separated, Appellee commenced this action seeking support for herself and the parties' then minor child. A support order was thereafter entered in April, 1992.

In August of 1994, Appellant was transferred to a different department; the job change resulted in a reduction of his income. He was later terminated because of a reduction in the corporate workforce. Consequently, he requested modification of his support obligation. During this same time period, Appellee discovered that Appellant had misrepresented his income during the years 1993 and 1994 and accordingly filed a petition to retroactively modify the support order.

The trial court granted Appellee's request and ordered Appellant to pay additional support for 1993 and 1994. The trial court further directed the Domestic Relations Office to hold hearings regarding the effect of the arrearages and Appellant's unemployment on his support obligation. Although Appellant appealed from the trial court's order, the appeal was quashed as interlocutory. *See Albert v. Albert,* Docket No. 00661 Pittsburgh 1996.

Following a hearing on February 10, 1997, the hearing officer recommended that Appellant's support obligation terminate as of October 31, 1996.[3] The hearing officer further recommended that Appellant pay $150.00 per month on the accrued arrearages. Appellant filed exceptions which were denied by the trial court. This timely appeal followed.

Appellant presents two issues for review: (1) whether the trial court erred in determining the support arrearages; and (2) whether the trial court erred in calculating Appellant's monthly income regarding his ability to pay the arrearages.

Initially[,] we note that our scope of review from an order awarding support is very narrow. We can reverse a support order only if we find that the order cannot be sustained on any valid ground. The deci-

* Retired Justice assigned to Superior Court.

1. Noah was born in September, 1972 and is now twenty-five years of age. The parties' other son, Nathan was born in November, 1977 and is now twenty.

2. The parties were subsequently divorced by decree entered in March, 1997.

3. In connection with the divorce proceedings, the parties entered into a Marital Settlement Agreement pursuant to which they agreed that spousal support would terminate as of October 31, 1996.

sion of the trial court will not be reversed absent an abuse of discretion or an error of law.

*McAuliffe v. McAuliffe*, 418 Pa.Super. 39, 613 A.2d 20, 22 (1992). We will review the decision of the trial court and Appellant's claims with these considerations in mind.

Appellant initially challenges the trial court's calculation of the support arrearages for the years 1993 and 1994. Appellant does not contest the amount of the arrearages affixed by the trial court. He instead asserts that the trial court erred in computing the arrearages from January 1, 1993, rather than October, 1994, the date on which Appellee's petition for modification was filed. We disagree with Appellant's assessment.

As correctly recognized by Appellant, an order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification. 23 Pa.C.S.A. § 4352(e); *Holcomb v. Holcomb*, 448 Pa.Super. 154, 670 A.2d 1155, 1158 (1996). "However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of...misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition." 23 Pa.C.S.A. § 4352(e). Review of the record demonstrates that retroactive modification was justified in this case.

Appellant earned approximately $40,000.00 more income in 1993, as evidenced by his federal income tax form, than he had reported in the divorce and support proceedings. (N.T. 4/5/95 at 31–33, 35 and 37–39). Notwithstanding this fact, Appellant never apprised the Westmoreland County Domestic Relations Office of the substantial change in his income, as required by the Domestic Relations Code, 23 Pa.C.S.A. § 4353(a) (obligating a party to a support proceeding to notify the domestic relations office of any material change in circumstances relevant to the level of support or the administration of the support order). Rather, in various documents submitted to the court, he continued to maintain that his income levels were either lower than or consistent with that reported in previous years. (N.T. 4/5/95 at 28 and 31–36).

Appellant likewise failed to accurately report his 1994 income. *Id.* at 33–39. Appellee apparently did not discover Appellant's misrepresentations until September, 1994, at which time she promptly filed a petition to modify the support order. *See* Appellant's Petition for Special Relief, filed 10/2/94, at paragraphs 11–12 and 15 and Appellant's Petition to Modify Support, filed 10/24/94, at paragraphs 8–12.

A $40,000.00 increase in income constitutes a material change in circumstances relating to the level of support or administration of a support order. Moreover, this court has declined to charge a party seeking modification with a delay in filing a petition where he or she was not notified of a material change in circumstances by the opposing party. *See, e.g., Purdue v. Purdue*, 398 Pa.Super. 228, 580 A.2d 1146, 1149 (1990) (husband's late filing of petition to terminate spousal support/alimony pendente lite was excused where wife failed to notify husband of her remarriage; accordingly, petition was deemed to date back to the time of wife's remarriage rather than the date on which the petition was actually filed). Because Appellant neither apprised Appellee nor the court of his substantial change in income and because Appellee promptly filed her petition upon discovery of Appellant's true income, the trial court did not err or abuse its discretion in calculating Appellant's support arrears.

Appellant next argues that the trial court erred in directing Appellant to pay $150.00 per month on the arrearages. According to Appellant, the order was premised upon the income information supplied to the hearing officer at the time of the hearing. Appellant posits that the trial court erred in focusing on his actual earnings rather than earning capacity because he was subsequently terminated from his position. According to Appellant, his present earning capacity is zero. In response, Appellee asserts that Appellant has again secured employment and is now able to pay the arrearages.

Appellant's bald assertions are not supported by the certified record. Moreover, Appellant has not supplied this court with any evidence which would remotely support

his position. It is well settled that an appellate court may consider only those facts which have been duly certified in the record on appeal. *Murphy v. Murphy,* 410 Pa.Super. 146, 599 A.2d 647, 652 (1991), *allocatur denied,* 530 Pa. 633, 606 A.2d 902, *cert. denied,* 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). We are therefore precluded from considering Appellant's allegations regarding his employment status.[4] As it appears from the facts contained in the certified record that the amount of Appellant's obligation was premised upon his actual income information, and because Appellant does not aver that the trial judge's assessment was inappropriate based on this information, we see no reason to disturb the trial court's decision. Finding no error or abuse of discretion, we affirm.

Order affirmed.

---

4. To the extent that Appellant's financial circumstances may have indeed changed since the entry of the last order, the appropriate remedy would be to file a petition with the trial court and request that the order be modified.