**Diane MAUE, Appellee,**

v.

**Benjamin GILBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted July 7, 2003.

Filed Dec. 10, 2003.

Donald F. Spry, Bethlehem, for appellant.

Richard J. Shiroff, Easton, for appellee.

Before: LALLY–GREEN, BOWES, and OLSZEWSKI, JJ.

OLSZEWSKI, J.

¶ 1 Appellant, Benjamin Gilbert (also referred to as "father"), appeals from the December 6, 2002, order of court which granted appellee's ("mother") motion for modification of child support retroactively to March 1996.

¶ 2 The facts and relevant dates, as stated by the trial court, are as follows:

Appellant is the father of twin children. Appellee is the mother of these children.

A Petition for Modification which commenced these proceedings was filed on October 17, 2000. Appellee's Petition for Modification was based upon failure of Appellant to report a dramatic increase in his income. In the Petition, Appellee requested that the Court make the modified Order effective as of March 18, 1996. Appellee argued that Appellant failed to properly report his income and that she filed a Petition for Modification promptly once she became aware of the increased income. The parties appeared for a conference and by Order of Court dated May 11, 2001, Appellant was directed to comply with an interim order of support in the amount of $2,980.00 per month effective September 19, 2000 [Mother's contact date].

The May 11, 2001 Order determined appellant's monthly net income was $19,822.62. Appellee's monthly net income was $1,633.45. Pursuant to the terms of the Order, the Order was temporary and was based on calculations of presumptive minimum support because the incomes of the parties fell within the *Melzer* range.[1] The Order also required review of the Order to make it final. The final order was to be entered upon receipt of additional information from the parties. Appellee filed exceptions from that Order based on the fact that the effective date was not March 18, 1996 as she requested.

1. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984).

On October 4, 2001, the Court entered a modified Order suspending the previous Order for support of two children effective June 19, 2001 due to the fact the children were emancipated. [Appellant] was directed to continue to pay the amount of $2,980.00 per month on arrears. The Order directed that objections to the May 11, 2001 Order were to be held in abeyance pending entry of a final order.

On October 30, 2001, the Conference Officer recommended that the Interim Order dated May 11, 2001 be a Final Order for the period of September 19, 2000 through June 19, 2001. The Order of October 4, 2001 was to remain in full force and effect.

A protracted De Novo hearing was scheduled for November 14, 2001 on appellee's objections to the May 11, 2001 Order of Court. The matter was relisted for Hearing on December 12, 2001 at the request of counsel for Appellee. The December 12, 2001 Hearing was continued generally for valid reasons at the request of counsel for appellant.

On April 8, 2002, the Court entered an Order indicating all arrears from the October 4, 2001 Order were paid in full and that the October 25, 2001 Order remained in full force and effect. The parties appeared before the Court on September 18, 2002 at which time the Court directed the parties to submit Briefs. Upon receipt of Briefs, further disposition was to be made by the Court. At the request of Appellee, the general continuance granted previously was lifted and the matter was re-listed for De novo hearing on September 18, 2002. The parties appeared on September 18, 2002 and presented evidence through depositions. The issue to be decided was the effective date of the Order. Appellant argued the effective date of the

Order should be the date the Petition for Modification was filed. Appellee argued that the effective date of the Order should be the date income increased. Trial Court Opinion, 3/19/03, at 1–2.

¶ 3 The trial court determined that a modification of support was due to appellee and that the modification should be retroactive to March of 1996.

¶ 4 Father raises the following one issue for our review:

Did the lower court err by entering a support order retroactive to a date prior to the date of filing the complaint?

Appellant's Brief at 3.

Initially we note that our review from an order awarding support is very narrow. We can reverse a support order only if we find that the order cannot be sustained on any valid ground. The decision of the trial court will not be reversed absent an abuse of discretion or an error of law.

*Albert v. Albert,* 707 A.2d 234 (Pa.Super.1998), citing to *McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 613 A.2d 20 (1992).

¶ 5 Typically, modification of support is governed by Pa.R.C.P.1910.17. That rule does not permit an effective date earlier than the filing date of the modification petition. *Kelleher v. Bush,* 832 A.2d 483, 486 (Pa.Super.2003). Our case, however, involves an arrearage of support. Therefore, the rule of procedure is inapplicable, and we analyze the trial court's order pursuant to 23 Pa.C.S.A. § 4352(e). *Id.* at 485. Under 23 Pa.C.S.A. § 4352(e), a petition for modification can be retroactive to an earlier petition if (1) "the petitioner was precluded from filing a petition for modification by reason of a misrepresentation of another party or other compelling reason and [ (2) ] if the petitioner, when no longer precluded, promptly filed a petition." 23 Pa.C.S.A. § 4352(e).

¶ 6 Father first argues that he did not preclude mother from filing a petition for modification by misrepresenting his income. We disagree. First, father had a duty to report a change in income under 23 Pa.C.S.A. § 4353(a). It is undisputed that father never notified the court of his change in income. Second, father produced his tax records for the years in question and those records reveal that father's employer issued to father multiple W–2 statements each calendar year. Each year one of the W–2 statements showed income of $50,000 or less. That W–2 statement also showed a Pennsylvania address for father. The remaining W–2 statements for each year had a Maryland address and revealed income anywhere from $150,000 to over $400,000. Father testified that he used the salary reflected in the W–2 statement with the Pennsylvania address and the lowest income to maintain a Pennsylvania bank account. From that Pennsylvania bank account, father would make his embezzlement restitution payments and child support payments to Northampton County. Third, mother testified that she never asked father about his income between 1996 and May 2000. Mother also testified that father never discussed his job with her and that she would have no way of knowing father's income. Mother testified that father had told her that the house where he resided in Maryland was his boss's house, not his. Based on these facts, we find it reasonable for the lower court to have determined that father actively concealed his income to avoid paying additional child support.

¶ 7 Father's second argument is that the petition for modification was not promptly filed because mother waited four months from the date of the newspaper article to contact domestic relations. The article was published on May 22, 2000, and mother's "contact date" on the petition for modification was September 19, 2000. We find that father's argument lacks merit. There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable. In this case, mother's first notice that father may have been concealing his income was a newspaper article stating that father had made a payment of over $500,000 in restitution to Northampton County on a prior embezzlement charge. The article alleged that father's probation officer believed that father had concealed the extent of his income from the county. The article does not, however, state father's income, nor does it state how father secured the $500,000 to pay off his debt. Under these circumstances, we believe that mother would need time to investigate whether father had concealed his income and whether mother would be able to secure additional child support. Therefore, the trial court did not abuse its discretion in holding that mother's four-month delay was reasonable.

¶ 8 Order AFFIRMED.