**Sheila T. KREBS (Nka: Sheila T. Johnson), Appellant**

v.

**William A. KREBS, III, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2008.
Filed March 5, 2008.

Kevin Johnson, Conshohocken, for Sheila Krebs.

Holly L. Setzler, West Chester, for William Krebs.

BEFORE: KLEIN, GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant/Cross–Appellee, Sheila T. Krebs n/k/a Sheila T. Johnson ("Mother") and Appellee/Cross–Appellant, William A Krebs, III ("Father"), appeal from the order entered in the Chester County Court of Common Pleas, which granted Mother's 2006 petition to modify the parties' existing child support order, upon finding that Father knowingly misrepresented substantial increases in his income from 2001 to 2005, applied Father's support arrearages retroactively to 2004, and set a payment schedule for arrears of $590.00 per month.

¶ 2 Mother asks us to determine whether the court erred in declining to order Father's support arrearages retroactive to 2001 when Father began to conceal increases in his actual income. Father asks us to determine whether the evidence of record supported the court's decision to impose retroactive child support payments beyond the date Mother filed the modification petition. We hold the trial court properly found compelling reasons warranted child support arrearages retroactive to a date prior to Mother's support modification petition but erred in limiting that retroactivity only to May 21, 2004 rather than extending it to January 1, 2001, when Father first failed to report the substantial increases in his income. Accordingly, we affirm in part, reverse in part, and remand with instructions.

¶ 3 The relevant facts and procedural history of this case are as follows. Mother and Father were married on August 6, 1988. They have three children, born August 28, 1990, August 13, 1993, and March 27, 1995. The parties separated on August 20, 1996 and were subsequently divorced. Father is paid sales commissions for his work as a mortgage banker.

¶ 4 Mother filed a complaint for support on July 23, 1997. The court issued a support order on April 8, 1998, which included Father's child support obligation of $1,474.33 per month plus health care costs based on his net monthly income of $5521.02 and Mother's net monthly income of $591.47. On December 15, 2000, Father filed a petition to reduce his child support obligation due to a reduction in his income. On May 21, 2001, the court entered a stipulated order reducing Father's monthly child support obligation to $1,360.00, plus medical insurance costs and 60% of unreimbursed medical expenses after the first $250.00 per child per year.

¶ 5 On April 24, 2006, Mother filed the current petition to increase the 2001 child support order. On October 25, 2006, the parties entered the following stipulations before a hearing officer: (1) effective January 1, 2006, Father's monthly child support obligation is $1910.00 plus medical insurance coverage and 60% of medical expenses exceeding $250.00 a year per

child; (2) Father's net monthly income had increased to $6630.00 in 2001, $7625.00 in 2002, $12,750.00 in 2003, $14,437.00 in 2004, and $11,562.00 in 2005; and (3) Mother's net monthly income remained at $2,274.00 from 2001 to 2005. (N.T., 10/25/06, at 3–6). The hearing officer found Father had not at any time notified Mother or the Domestic Relations Office ("DRO") of his increased income. The hearing officer recommended that Father pay retroactive monthly child support payments as follows: $1807.00 from 1/1/01–12/31/01; $2074.00 from 1/1/02–12/31/02; $2955.00 from 1/1/03–12/31/03; $3007.00 from 1/1/04–12/31/04; and $2769.00 from 1/1/05–12/31/05. (*Id.* at 2–3). The court entered an interim order that included Father's monthly payment of $1400.00 on his child support arrearages (totaling $80,203.49) in addition to his current support obligation of $1910.00 per month.

¶ 6 Father filed exceptions, claiming Mother was not entitled to retroactive modification of support prior to the date of her April 2006 modification petition. The trial court found Father's concealment of substantial increases in income from 2001 to 2005 warranted retroactive modification of Father's support obligation prior to the date of Mother's petition but modified his support arrearages retroactive only to May 21, 2004. On May 8, 2007, the court ordered Father to pay support arrearages of $3007.00 per month from 5/21/04–12/31/04 and $2769.00 per month from 1/1/05–12/31/05, plus health insurance and 86% of unreimbursed medical expenses over $250.00 per child for both years. Mother filed a motion for reconsideration. On May 29, 2007, the court added an arrearages payment schedule of $590.00 per month to Father's current support obligation of $1910.00, and confirmed its May 8, 2007 order in all other respects. The parties timely filed their respective appeals and complied with the court's orders to file concise statements of matters complained of on appeal pursuant to Pa.R.A.P. 1925.

¶ 7 On appeal, Mother raises four issues for our review:

[WHETHER] THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ORDER THE CHILD SUPPORT AWARD RETROACTIVE TO JANUARY 2001, WHEN [FATHER] FAILED TO REPORT THE INCREASE IN HIS INCOME TO DOMESTIC RELATIONS AND/OR [MOTHER]?

[WHETHER] THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ONLY REQUIRING [FATHER] TO PAY THE SUPPORT ARREARS AT THE RATE OF $590.00 PER MONTH NOTWITHSTANDING [FATHER'S] SUBSTANTIAL INCOME?

[WHETHER] THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY FEES TO [MOTHER], *SUA SPONTE*, PURSUANT TO 23 PA. C.S.A. § 4351 AFTER DETERMINING THAT [FATHER] CONCEALED SUBSTANTIAL INCREASES TO HIS INCOME BEGINNING IN 2001 IN ORDER TO AVOID PAYING ADDITIONAL CHILD SUPPORT?

[WHETHER] THE SUPERIOR COURT SHOULD REQUIRE [FATHER] TO PAY [MOTHER] LEGAL FEES IN THE EVENT THAT [MOTHER] PREVAILS ON APPEAL?

(Mother's Brief at 6).

¶ 8 In his cross-appeal, Father raises the following issue:

[FATHER] FILED AN EXCEPTION TO THE HEARING OFFICER'S RECOMMENDATION ... AND INCLUDED IN HIS STATEMENT OF MATTERS COMPLAINED OF ON

APPEAL ... THAT THIS RECORD DOES NOT CONTAIN ANY FACTS THAT SATISFY THE MANDATE OF 23 Pa.C.S.A. [§ ] 4352(e).

(Father's Reply Brief at 13).

¶ 9 The standard of review of child support orders is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Mencer v. Ruch,* 928 A.2d 294, 297 (Pa.Super.2007) (quoting *D.H. v. R.H.,* 900 A.2d 922, 927 (Pa.Super.2006)).

¶ 10 For ease of disposition, we address Mother's first issue and Father's sole issue together. Mother contends Father's failure to disclose his increased income from 2001 through 2005 constituted a misrepresentation which effectively precluded Mother from realizing she should file a modification petition. Mother argues the court properly ordered Father to pay retroactive child support prior to the date Mother filed the modification petition, but should have imposed arrearages retroactive to January 1, 2001, when Father began to conceal his income. Mother directs our attention to *Maue v. Gilbert,* 839 A.2d 430 (Pa.Super.2003), where this Court held under similar circumstances that the father owed child support retroactive to the date he began actively concealing his income. Mother challenges the court's decision to limit the retroactive modification to 2004, and its reliance on the concept that Mother could have requested an automatic review of the 2001 support order in 2004, without proof of changed circumstances, pursuant to 23 Pa.C.S.A. § 4352(a.1). Mother avers the court's ruling impermissibly shifted the burden to Mother to expend time and resources to discover whether Father was misrepresenting his income, although she had no access to his income information. Mother maintains the burden remained with Father, who has the affirmative duty under 23 Pa.C.S.A. § 4353(a) to report changes in his income.

¶ 11 Mother further maintains the court's decision runs counter to Pennsylvania's strong public policy against allowing parties who have acted in reliance on a misrepresentation to suffer harm. Mother asserts the court's order of retroactive child support only to 2004 deprives the children of three additional years of increased support to which they are entitled. Mother also complains Father benefited from the opportunity to accrue investment earnings on three years of child support that, but for his misrepresentation, he should have owed, and continues to benefit from paying off his arrearages interest free.

¶ 12 Finally, Mother claims the court essentially granted Father equitable relief by assessing arrearages only to 2004, despite Father's "unclean hands" in having fraudulently misrepresented his income to avoid his support obligations beginning in 2001. Mother concludes the court's order limiting child support retroactive to 2004 should be reversed, and Father should be ordered to pay child support arrearages,

including interest, retroactive to January 1, 2001.

¶ 13 In his cross appeal and reply brief, Father argues the record evidence holds no support for the court's finding that compelling reasons existed to increase Father's child support retroactive to a date before Mother filed the modification petition. Specifically, Father denies he concealed or misrepresented his income. Father maintains the May 21, 2001 support order did not require him to report material changes in income to Mother or the court. Father also contends Mother offered no testimony that she was prevented from discovering his income prior to 2006. For the reasons that follow, we agree with Mother and reject father's contentions.

¶ 14 The Pennsylvania Domestic Relations Code governs support orders in pertinent part as follows:

### § 4352. Continuing jurisdiction over support orders

(a) **General rule.**—The court making an order of support shall at all times maintain jurisdiction of the matter for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding the order unless otherwise provided by Part VIII (relating to uniform interstate family support) or VIII–A (relating to intrastate family support) without limiting the right of the obligee, or the department if it has an assignment or other interest, to institute additional proceedings for support in any county in which the obligor resides or in which property of the obligor is situated. The Supreme Court shall by general rule establish procedures by which each interested party shall be notified of all proceedings in which support obligations might be established or modified and shall receive a copy of any order issued in a case within 14 days after issuance of such order. **A petition for modification of a support order may be filed at any time and shall be granted if the requesting party demonstrates a substantial change in circumstances.**

(a.1) **Automatic review.**—A method shall be developed for the automatic review of each order of support at least once every three years from the date of establishment or the most recent review, for the purpose of making any appropriate increase, decrease, modification or rescission of the order. During the automatic review, the court shall adjust the order, without requiring proof of a change in circumstances, by applying the Statewide guidelines or a cost-of-living adjustment in accordance with a formula developed by general rule. Automated methods, including automated matches with wage or State income tax data, may be used to identify the support orders eligible for review and implement appropriate adjustments. If, however, it is determined that such a review would not be in the best interests of the child and neither parent nor the department, if it has an assignment or other interest, has requested a review, no review shall be required.

(b) **Notice.**—Each party subject to an automatic child support review shall receive:

(1) thirty days' advance notice of the right of such party to request a review and adjustment of the order, except when the adjustment results from a cost-of-living adjustment or other automated adjustment;

(2) a copy of any order establishing, modifying or rescinding a child support obligation or, in the case of a denied petition for modification, a notice of determination that there should be no change in the amount of the child support order, within 14 days

after issuance of such order or determination; and

(3) a 30–day period from the date of the notice of a cost-of-living adjustment or other automated adjustment to request an individual review and adjustment in accordance with the Statewide guideline.

\* \* \*

(e) **Retroactive modification of arrears.**—No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor. However, **modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition.** In the case of an emancipated child, arrears shall not accrue from and after the date of the emancipation of the child for whose support the payment is made.

\* \* \*

(g) **Notice to obligors and obligees.**—The domestic relations section shall mail notice to obligors and obligees of existing orders informing them that such orders may attain the status of a judgment by operation of law. The notice shall explain the nature of a judgment by operation of law and its effect. Further, the notice shall advise each party to a support proceeding of the party's duty to advise the domestic rela-

tions section of material changes in circumstance and of the necessity to promptly request a modification as soon as circumstances change.

\* \* \*

23 Pa.C.S.A. § 4352(a), (a.1), (b), (e) and (g)(emphasis added). *See also* Pa.R.C.P. 1910.17. Further,

§ 4353. Duty to report

(a) **Notice of changes affecting support.**—An individual who is a party to a support proceeding shall notify the domestic relations section, the department and the other parties in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to:

(1) change of employment; and

(2) change of personal address or change of address of any child receiving support.

\* \* \*

23 Pa.C.S.A. § 4353(a)(1)-(2) (emphasis added).

■■■■ ¶ 15 Thus, parties to a support proceeding are duty bound to report material changes affecting support. *Simmons v. Simmons,* 723 A.2d 221 (Pa.Super.1998); 23 Pa.C.S.A. § 4353(a). A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition. *Maddas v. Dehaas,* 816 A.2d 234, 239 (Pa.Super.2003), *appeal denied,* 573 Pa. 710, 827 A.2d 1202 (2003); 23 Pa. C.S.A. § 4352(e). "An order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification." *Albert v. Albert,* 707 A.2d 234, 236 (Pa.Super.1998). Where a misrepresentation has occurred, however, the court may order a modification of arrearages retroactive to the date a party first

misrepresented income if the other party promptly filed a modification petition upon discovery of the misrepresentation. *Id.* "There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable." *Maue, supra* at 433.

¶ 16 In *Maue,* the divorced mother filed a petition to modify the parties' 1996 child support order after reading a newspaper article in 2000 stating that the father had paid over $500,000.00 in restitution on an embezzlement charge. The court found the father had failed to report his substantially increased income, he had not discussed his income with the mother, and he told the mother that his residence belonged to his boss. This Court upheld the trial court's decision to adjust the father's child support obligation retroactive to the date the father's income first increased, because the father's misrepresentation had precluded the mother from filing an earlier modification petition.

¶ 17 In the instant case, Mother filed a petition on April 24, 2006 to increase the May 21, 2001 child support order, after Father informed her that he had changed jobs and dropped the children's medical insurance coverage effective March 31, 2006. Mother also sought retroactive increases in child support based on Father's failure to report income from substantial sales commissions.

¶ 18 At the hearing on Mother's petition, the parties stipulated to Father's current support obligation and his actual income from 2001–2005. The parties also stipulated that the April 8, 1998 support order included standard language directing each party to report a change of income to the other party and the Domestic Relations Office ("DRO") within seven days, but the May 21, 2001 order did not include that language. *(Id.* at 7–8). Father admitted

he had not reported the substantial increases to his income between 2001 and 2005. *(See* N.T. at 13–14). Father testified that he believed the May 21, 2001 order did not require him to notify anyone of changes to his income, because the order did not contain the directive to do so. *(See id.* at 11–12, 17–18). Father also testified that he did not report changes to his income because he could not determine his exact income due to monthly fluctuations in his sales commissions. *(Id.* at 12, 17–18). Father conceded, however, that he had received a W–2 form by the end of January for each preceding year. *(Id.* at 19–20).

¶ 19 With respect to the issue of retroactivity, the hearing officer found Father did not notify Mother or the DRO of his increased income from 2001 to 2005 and Father was obligated to do so regardless of whether the May 21, 2001 support order included the notification language. Accordingly, the hearing officer made the following recommendations:

> [Father's] obligation should be enforced if [he] had general knowledge that a change in a parties' income would have an impact on the amount of support that was owed. It is quite clear that [Father] had said knowledge, otherwise he would [not] have filed his own petition for reduction in 2000 when his wages decreased.

> Given the dramatic increases of income [Father] enjoyed from 2001 to 2005, and given the fact that he did nothing to report these increases, it would be patently unfair not to retroactively consider these increases as far as a child support obligation is concerned.

> The effective date of this hearing officer's order shall be January 1, 2001. I will use the stipulated incomes of the parties to determine [Father's] support

obligation from the effective date forward.

(Report of Hearing Officer and Recommended Order, dated January 30, 2007, at 2).

¶ 20 After hearing oral argument on Father's exceptions to the hearing officer's report, the trial court found Father "had an affirmative duty [under Section 4353(a)] to notify Mother and DRO that his income increased each year as reflected on his W–2 statements." *(See* Trial Court Opinion, filed July 2, 2007, at 5.) The court found Mother did not discover the increases in Father's income until the October 2006 hearing. *(See id.* at 6.) The court concluded Father "had knowledge that he had a duty to report his increased income and he failed to inform [Mother] and DRO of the increase. Thus, compelling reasons existed for the retroactive modification." *(Id.)*

¶ 21 Nevertheless, the court modified the hearing officer's recommendation. The court reasoned as follows:

> Pursuant to 23 Pa.C.S.A. § 4352(a.1), a party has the right to an automatic review of a support order every three years. During the automatic review, the court shall adjust the order, without requiring proof of a change in circumstances, by applying the Statewide guidelines or a cost of living adjustment in accordance with a formula developed by general rule. Here, if the 2001 Order had been reviewed in 2004, [Father's] increased income would have been considered. I find that it is reasonable to make the support obligation retroactive to May 21, 2004.

(Trial Court Opinion at 6–7) (citing 23 Pa.C.S.A. § 4352(a.1)) (internal quotation marks omitted).

¶ 22 Although the court followed established law when it concluded Father owed child support arrearages predating Mother's 2006 support modification petition, the court impermissibly placed a burden on Mother to seek automatic review of the May 21, 2001 order in 2004 on the chance that Father's changed circumstances might be revealed. The plain language of the statute does not support the court's decision. *See* 23 Pa.C.S.A. § 4352(a.1). The fact that the statute **entitled** Mother to automatic review of the 2001 support order did not impose upon her any affirmative duty to request automatic review in 2004. Rather, the affirmative duty to report material changes to his circumstances remained with Father. *See* 23 Pa.C.S.A. § 4353(a). Thus, the court unreasonably shifted the burden to Mother to "discover" Father's misrepresentation, and transformed a statutory entitlement into a duty to seek automatic review of the 2001 support order every three years or risk losing the additional support Father should have been obligated to pay.

¶ 23 Further, Mother's responsibility was to file a modification petition promptly when she first had reason to suspect Father's misrepresentations. *See Maue, supra; Albert, supra;* 23 Pa.C.S.A. § 4352(e). Mother filed the modification in April 2006, within a month of learning that Father had changed jobs and dropped the children from his medical insurance. By his own account, Father's income fluctuated monthly. *(See* N.T. at 12, 17–18). We fail to see how Mother could have known about Father's sales commissions during the years in question. Mother had no access to Father's 2001–2005 income tax returns until the hearing on her modification petition. In response to questions about whether Father had reported his income to Mother from 2001 to 2005, Father stated, "[Mother] and I do not talk about her income, nor my job, so no, it was never brought up...." *(See id.* at 14.) When the hearing officer asked Father if it

was correct to say Father "never notified [Mother] of any income for any one of these years," Father responded, "Absolutely." Based on the foregoing, we affirm the court's order imposing retroactive support arrearages but reverse that part of the order limiting Father's support arrearages only to May 21, 2004. On remand, we direct the court to impose Father's child support obligation retroactive to January 1, 2001, when Father first failed to report his significantly increased income. *See Maue, supra; Albert, supra;* 23 Pa. C.S.A. § 4352(e).

¶ 24 In her second issue, Mother argues the trial court set a payment schedule for Father's child support arrearages that does not reflect Father's ability to pay. Mother contends the court lowered Father's monthly arrears obligation to $590.00 from the hearing officer's recommended monthly amount of $1400.00 without hearing further testimony on Father's ability to pay the back child support. Mother complains Father's total monthly payment of child support and arrearages represents less than twenty-three percent (23%) of Father's net monthly income of $11,562.00 for 2005, and allows Father a five-year period in which to pay his child support arrearages. Mother concludes the payment schedule should be modified to require Father to pay his arrearages in a lump sum or, alternatively, within a more reasonable time frame of one to two years.

¶ 25 Due to our disposition of Mother's first issue, the trial court must necessarily recalculate Father's arrearages. Therefore, the court will have an opportunity on remand to review Mother's concerns regarding the method of payment of arrearages (and possible interest). The court can also consider an initial lump sum payment followed by a payment schedule if appropriate. *See Kessler v. Helmick,* 449 Pa.Super. 113, 672 A.2d 1380, 1384–85 (1996) (noting court has discretion to order support arrearages paid in lump sum or according to payment schedule). Upon remand, the court may want to schedule further proceedings. *See Goddard v. Heintzelman,* 875 A.2d 1119, 1123 n. 3 (Pa.Super.2005) (holding trial court has discretion to allow parties opportunity to present evidence on issue).

¶ 26 In her third issue, Mother argues the trial court should have required Father to pay Mother's legal fees in connection with the current child support proceedings. Mother maintains she was not required to petition for attorney fees and the court had discretion to award her attorney fees *sua sponte.* Mother contends her case presents compelling circumstances for the award of attorney fees, where (1) Father impeded the determination of an appropriate level of child support by concealing substantial increases in his income for five years; (2) Father used his superior financial advantage to create impediments for Mother to pursue increased child support; (3) Mother would not have had to incur the substantial legal fees involved in obtaining the appropriate level of child support had Father complied with his duty to report his increased income; (4) a large disparity exists between the parties' incomes; and (5) Mother incurred substantial legal costs to litigate the support issues, which diminished the value of any additional child support to the children's detriment. Mother concludes the court abused its discretion in failing to award her attorney fees.

¶ 27 In her last issue, Mother argues this Court should require Father to pay Mother's legal fees, if Mother prevails on appeal, because Father's dilatory, obdurate, and vexatious conduct throughout the proceedings caused Mother to incur substantial legal fees to secure a proper amount of child support. Mother admits she prevailed in the trial court to the

extent it ruled Mother was entitled to child support arrearages, but acknowledges that the court did not find completely in her favor. Thus, Mother suggests an award of attorney fees might have been premature at the trial level. Mother concludes if she prevails on appeal, this Court can authorize an award of attorney fees under 23 Pa.C.S.A. § 4351 and Pa.R.A.P. 2744. We decline to grant Mother the relief she requests at this time, without prejudice to her right to seek similar relief from the trial court on remand.

¶ 28 Section 4351(a) of the Domestic Relations Code provides for counsel fees in support proceedings as follows:

§ 4351. Costs and fees

(a) General rule.—If an obligee prevails in a proceeding to establish paternity or to obtain a support order, the court may assess against the obligor filing fees, reasonable attorney fees and necessary travel and other reasonable costs and expenses incurred by the obligee and the obligee's witnesses. Attorney fees may be taxed as costs and shall be ordered to be paid directly to the attorney, who may enforce the order in the attorney's own name. Payment of support owed to the obligee shall have priority over fees, costs and expenses.

23 Pa.C.S.A. § 4351(a). "Even when the obligee prevails, counsel fees are not automatic, but instead are contingent upon ... the discretion of the court." *Bowser v. Blom,* 569 Pa. 609, 618, 807 A.2d 830, 835 (2002). The court must consider the totality of relevant circumstances in deciding whether to award counsel fees. *Id.* at 619, 807 A.2d at 836. The court's overriding concern is the best interests of the children. *Id.* Factors which the court may consider include: (1) whether the obligor's unreasonable or obstreperous conduct impeded the determination of an appropriate support order; (2) whether the obligor

mounted a fair and reasonable defense in a child support order; (3) whether the obligor's failure to fulfill his moral and financial obligation to support his children required legal action to force him to accept his responsibilities; and (4) whether the financial positions and financial needs of the parties are disparate. *Id.* at 620, 807 A.2d at 835–37.

¶ 29 Additionally, this Court may award attorney fees under certain circumstances:

**Rule 2744. Further Costs. Counsel Fees. Damages for Delay**

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

\* \* \*

Pa.R.A.P. 2744. In light of our disposition, we are inclined to allow the trial court to consider the issue of counsel fees on remand, an issue more appropriately referred to that court in the first instance.

¶ 30 Based on the foregoing analysis, we hold the trial court properly found compelling reasons warranted child support arrearages retroactive to a date prior to Mother's support modification petition but erred in limiting that retroactivity only to May 21, 2004 rather than extending it to January 1, 2001, when Father first failed to report the substantial increases in his income. Accordingly, we affirm in part,

reverse in part, and remand with instructions.

¶ 31 Order affirmed in part, reversed in part; case remanded with instructions. Jurisdiction is relinquished.