J-A12019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RONNA BELL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDREW TEITELMAN | |
| Appellant | No. 2162 EDA 2015 |

Appeal from the Order Entered June 23, 2015
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): 1995-63505-S
PACSES No. 846001793

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS,[*] P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 20, 2016**

Appellant, Andrew Teitelman[1] ("Father") appeals from the order entered June 23, 2015, in the Bucks County Court of Common Pleas, which granted Appellee, Ronna Bell's ("Mother") petition to retroactively increase Father's child support payments for the parties' three children. After careful review, we affirm.

The relevant facts and procedural history are as follows. The parties are the parents of three children, born in 1989, 1991, and 1992. On March 17, 1998, an order was entered by agreement, obligating Father to pay $1,527 monthly for the support of the parties' children. Father's monthly

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Father is proceeding *pro se* in this appeal.

support payment was calculated based upon an approximate annual income of $60,000.

In December 2009, Mother filed a petition to retroactively modify the amount of Father's support payments ("2009 Petition"). Mother filed for modification when she learned, through the testimony of Father at his highly publicized criminal trial, that Father's income had significantly increased in the years following the 1998 child support order. On October 15, 2010, the trial court ordered the parties to exchange tax returns and delayed the hearing on the merits of the 2009 Petition for that purpose. The court later dismissed the 2009 Petition, without prejudice for reinstatement upon written application, due to Mother's failure to pursue the petition.

Mother filed a petition for reconsideration of the order dismissing her 2009 Petition. The trial court denied Mother's petition for reconsideration, with prejudice, on January 20, 2012. Subsequently, Mother filed a petition for reconsideration of the order denying her initial petition for reconsideration, which was ultimately denied by the trial court on February 29, 2012. Mother appealed this decision to the Pennsylvania Superior Court. Mother's appeal was quashed as untimely. The Pennsylvania Supreme Court denied Mother's petition for allowance of appeal.

On October 17, 2013, Mother filed a second petition to retroactively modify Father's child support payments ("2013 Petition"). The 2013 Petition contained the same allegations as the 2009 Petition. Mother asserted, again,

that Father's child support payments should be modified, retroactively, due to Father's failure to inform Mother that his income had significantly increased following the 1998 child support order. On June 16, 2015, the parties appeared for a hearing on the 2013 Petition. The parties stipulated that if the 2013 Petition were granted, Father's tax statements supported an addition of $77,419 to Father's child support arrearages. The trial court granted the 2013 Petition and increased Father's arrearages by approximately the agreed-upon amount. This timely appeal follows.

The standard of review for modifications to a child support award is well settled.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Rich v. Rich*, 967 A.2d 400, 405 (Pa. Super. 2009) (citations omitted). Further, "with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand." *Hogrelius v. Martin*, 950 A.2d 345, 348 (Pa. Super. 2008) (citation omitted).

- 3 -

On appeal, Father raises three issues for review. The first two issues involve an argument that the trial court erred by failing to dismiss the 2013 Petition without a hearing. First, Father contends that the trial court should have dismissed the 2013 Petition because the claims were identical to the claims in the 2009 Petition. **See** Father's Brief, at 16, 32. Father argues that because the January 2012 trial court order dismissed the 2009 Petition with prejudice, Mother is collaterally estopped from asserting the same claims in her 2013 Petition. **See id**. Second, Father contends that the trial court should have barred the 2013 Petition under the doctrine of *res judicata*, as the January 2012 trial court order finally decided the petition. **See** Father's Brief, at 16, 32-36. We disagree.

Both of Father's contentions are premised upon his belief that the January 2012 order dismissed Mother's 2009 Petition with prejudice and ended the litigation in relation to the 2009 Petition. However, Father is mistaken about the effect of the January 2012 order. The record clearly shows that Mother's 2009 Petition was dismissed by the trial court in November 2011. This dismissal was without prejudice for Mother to refile the 2009 Petition upon written application to the trial court. However, Mother, rather than applying to reinstate the 2009 Petition, filed a petition for reconsideration of the trial court's dismissal of her 2009 Petition. The January 2012 order denied Mother's *petition for reconsideration*, with prejudice, not her 2009 Petition. Thus, Father's belief that the January 2012

order ended all litigation in relation to the 2009 Petition, with prejudice, is not supported by the record. Therein lies the fatal flaw to Father's first two issues on appeal. Because both of Father's arguments rely on his mistaken belief concerning the January 2012 order, we conclude that neither of these arguments merit any relief.

In his final issue, Father argues that the trial court committed an abuse of discretion by granting Mother's untimely 2013 Petition for retroactive modification to Father's child support payments. **See** Father's Brief, at 16, 18-31. Father contends that the case law permitting retroactive modification requires the petitioning party to request modification "promptly," and that Mother's filing of both the 2009 and 2013 Petition cannot be considered prompt. **See id**. We disagree.

Once an award of support is in effect, a party may petition the trial court for modification at any time. **See** Pa.R.Civ.P. 1910.19(a). The petitioning party has the burden of proving that modification of the order is warranted and that the modification petition was promptly filed. **See Maddas v. Dehaas**, 816 A.2d 234, 239 (Pa. Super. 2003); 23 Pa.C.S.A. § 4352(e). An order modifying a prior support order is typically retroactive to the filing date of the modification petition. **See Albert v. Albert**, 707 A.2d 234, 236 (Pa. Super. 1998). However, if the petitioning party can show that the opposing party misrepresented their income for child support purposes, the trial court may order a modification retroactive to the date the opposing

party first misrepresented their income. *See Albert v. Albert*, 707 A.2d 234, 236 (Pa. Super. 1998). In this situation, the petitioning party must promptly file for modification once they discover the opposing party has misrepresented their income. *See id*. "There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable." *Maue v. Gilbert*, 839 A.2d 430, 433 (Pa. Super. 2003).

Here, Mother discovered that Father's income had significantly increased in February 2009. Mother filed for retroactive modification of child support in December 2009. The trial court found that Mother's delay in filing the 2009 Petition after discovering Father's misrepresentation was a result of Father's significant legal trouble and its repercussions, Mother's need to investigate the extent of Father's misrepresentation, and Mother's need to investigate her right to increased child support payments. Based upon these findings, the trial court found that Mother's ten-month delay in filing the 2009 Petition was reasonable and prompt under the circumstances. Additionally, the trial court also found Mother's filing of the 2013 Petition to be prompt, and explained its reasoning as follows.

> We believe that [Mother's] ten-month delay in filing her second petition was reasonable under the circumstances. [Mother] was unsure whether she still has the ability to request a retroactive modification after the Pennsylvania Supreme Court refused to hear her case. But, most importantly, [Mother] still did not have access to [Father's] income information, despite the October 15, 2010 [o]rder requiring [Father] to share his tax returns for the years of 2000 through 2009. [Father's] failure to comply with

this [o]rder significantly impaired [Mother's] ability to continue pursuing the modification, and [the trial court] does not believe it is appropriate to reward [Father] for violating a court [o]rder and withholding this information from [Mother.] Considering this, we believe that [Mother's] delay in filing her [p]etition to [m]odify [s]upport [r]etroatively [p]ursuant to *Krebs v. Krebs* was reasonable under the unique circumstances of the case.

Trial Court Memorandum, 8/24/15, at 8.

Based upon our review of the record, we find that Father's contention that the trial court abused its discretion fails. The trial court correctly applied the applicable law and analyzed the unique facts of the case to determine whether the filings were prompt. Ultimately the trial court concluded that Mother's delay of ten-months between discovering Father's misrepresentation and filing the 2009 Petition, as well as the ten-month period between denial of Mother's appeal and the filing of the 2013 Petition, was reasonable and prompt under the circumstances. **See Maue**, 839 A.2d at 433. The trial court's conclusion naturally stemmed from its determination that Mother's reasons for delay were credible, and its decision is reasonable and supported by the record. Therefore, we conclude that the trial court did not abuse its discretion by finding that these filings were prompt. Thus, Father's final issue on appeal merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016