J-A24013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRYWN IRENE SCHILLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE CENET | : | |
| | : | |
| Appellant | : | No. 1130 EDA 2023 |

Appeal from the Order Entered March 30, 2023
In the Court of Common Pleas of Montgomery County
Domestic Relations at No: 2016-DR-00615,
PACSES: 599115840

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED JANUARY 30, 2024**

Appellant, Josue Cenet ("Father"), appeals *pro se* from the March 30, 2023 order entered in the Family Division of the Court of Common Pleas of Montgomery County, denying Father's exceptions and affirming the child support order entered on December 20, 2022. Father challenges the calculations used to determine his monthly support obligation for his three children and the effective date of his support obligation. Following review, we affirm.

We first note that Father's brief does not remotely conform in any meaningful way with our rules of appellate procedure. While we recognize that Father is *pro se*, we reiterate that

> [a]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or

> dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; *Commonwealth v. Lyons*, 833 A,2d 234 (Pa. Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Pennsylvania Rule of Appellate Procedure 2111 lists the matters to be included in an appellant's brief. Father's brief does not include any of those matters, other than a section entitled "Facts/History/Rebuttal," which can be charitably interpreted as a statement of the case. As in *Wilkins*, the brief filed by Father lacks, *inter alia*, a statement of jurisdiction, the scope and standard of review, and a summary of the argument. Moreover, the brief fails to present any coherent legal argument and lacks any legal citations, as required by Rule 2119(a). While Father's noncompliance with the rules constitutes sufficient grounds for suppressing his brief and quashing the appeal, *see Wilkins*, 903 A.2d at 1285, we decline to do so only because we are able to identify Father's issues as challenging (1) the calculation of his support obligations and (2) the designation of the date that Appellee, Brywn

Schilling ("Mother"), filed the petition to modify support as the date of application of the order.[1]

As the trial court explained, the parties entered into a support agreement on April 26, 2018, requiring Father to pay $300.00 per month (plus arrears) in child support. Trial Court Opinion, 6/23/23, at 1. At that time, the parties shared physical custody of their three children. Mother was subsequently awarded primary physical custody. On March 8, 2022, after Mother was awarded primary custody, she filed her petition to modify support.

Both parties appeared *pro se* at a December 7, 2022 support hearing. Mother testified that her salary in 2022 was $78,702 and indicated that she lived with the parties' three children as well as her two additional children. Father presented a paystub reflecting that his "Adjusted Basic Pay" for 2022 was $109,831. *Id.* at 1-2. Father's paystub "also enumerated repeating deductions from [his] income for items including, without limitation, multiple retirement and savings accounts, medical insurance, taxes, union dues, social security and child support. Father also testified that he supports his mother and sister as obligated by an Affidavit of Support 'under immigration law.'" *Id.* at 2 (citing Notes of Testimony ("N.T."), 12/7//22, at 12).

The hearing officer entered a report and recommendation on December 20, 2022 ("Support Order"), ordering Father to pay monthly support in the

---

[1] We note that Mother, although represented on appeal, did not file a brief.

amount of $1,676.00. The hearing officer acknowledged the financial support Father provided to his mother and sister but determined that a "deviation would not be warranted as child support is a paramount obligation." ***Id.*** (quoting Support Order, 12/20/22, at 2). The Support Order was made effective to March 8, 2022, the date Mother filed her petition to modify.

On January 4, 2023, Father filed timely exceptions to the December 20, 2022 Support Order and filed a brief in support. At oral argument on March 29, 2023, Father asserted that the hearing officer erred by wrongly imputing a net monthly income to Father and by setting March 8, 2022 as the effective date of his support obligation. On March 30, 2023, the court issued its Order and Opinion, adopting the report and recommendations of the hearing officer and denying Father's exceptions. This timely appeal followed.

The trial court ordered Father to file a Rule 1925 concise statement of matters complained of on appeal. Father provided a document to the court by email on May 30, 2023 entitled "Concise Statement." The trial court characterized the document as being in "clear violation" of, and "non-complaint" with, Rule 1925(b). Trial Court Opinion, 6/23/23, at 3 n.1.[2] The court noted:

> Father's 1925(b) statement consisted of 18 bullet points and 20 paragraphs, multiple of which are rambling, redundant, irrelevant and accusatory. Unfortunately, within this "concise statement,"

---

[2] Father committed an additional violation of Pa.R.A.P. 2111 by failing to attach a copy of the Rule 1925(b) statement to his appellate brief, as required by Pa.R.A.P. 2111(a)(11) and (d).

- 4 -

> Father has continued his practice of accusing this court, counsel and the court system of racial and ethnic discrimination, corruption and bias. He proclaims that "all those" who "participate . . . in this odious scheme and cover up will, one day, face God's justice, and will suffer . . ."

*Id.* (some capitalization omitted). While concluding that the non-compliant concise statement would be properly dismissed based on Pennsylvania Rule of Appellate Procedure 1925(b) and interpreting case law, the trial court nevertheless "endeavored to identify, and crystallize, the points Father raised that are arguably relevant into distinct issues and evaluated these issues on the merits." *Id.* The court identified three issues, which included the hearing officer's "miscalculation" of child support obligations; a claim that the support obligation should start in December 2022; and Father's accusation that "this is happening to me [] because of my race, my gender, my beliefs, and my origin—in addition to conflict of interest" (based on the fact that when the trial judge was a lawyer, he briefly represented Mother's boyfriend). *Id.* at 4.

As the trial court recognized, our Supreme Court has instructed:

> In our appellate review of child support matters, we use an abuse of discretion standard. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa.R.C.P.1910.1 *et seq.* or abused its discretion in applying these Rules. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will discretion is abused. This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court. A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence.

*Id.* at 4-5 (quoting ***Christianson v. Ely***, 838 A.2d 630, 654-55 (Pa. 2003) (internal citations, quotations, and ellipsis omitted)).  Further, cognizant of a parent's duty to support his children and recognizing that "the purpose of child support is to promote the child's best interest," ***McClain v. McClain***, 872 A.2d 856, 860 (Pa. Super. 2005), the trial court further properly noted:

> When a hearing officer has generated a recommendation, a trial court must conduct a complete and independent review of the hearing officer's findings and determine if the recommendations are appropriate.  However, the scope of review must be limited to evidence received by the hearing officer.  Although a hearing officer's findings are only advisory, they should be given the fullest consideration.

Trial Court Opinion, 6/23/23, at 5 (citations and quotations omitted).

Mindful of the applicable scope and standard of our review, we first consider whether the trial court abused its discretion by accepting the hearing officer's calculation of Father's monthly net income.  Father complains that the hearing officer failed to deduct certain of Father's financial obligations and expenditures, most notably his contractual obligation to support his mother under United States immigration law and his voluntary contributions to a retirement account.  ***See*** Father's Brief at 2 (Section IV.b) and 3 (Section V).

Monthly net income must be determined in accordance with Pa.R.C.P. 1910.16-2.  In accordance with Rule 1910.16-2(c)(1), when calculating net monthly income:

> (1)   [T]he trier-of-fact shall deduct **only** the following items from monthly gross income to arrive at monthly net income:
>
> > (i) federal, state, and local income taxes;

(ii) unemployment compensation taxes and Local Services Taxes (LST);
(iii) F.I.C.A. payments (Social Security, Medicare and Self-Employment taxes) and **non-voluntary retirement payments**;
(iv) mandatory union dues; and
(v) alimony paid to the other party.

Pa.R.C.P. 1910.16-2(c)(1) (emphasis added).

The trial court noted that the paystub submitted by Father at the December 7, 2022 support hearing reflected "both (i) mandatory deductions (including federal, state and local taxes, mandatory retirement contributions [] and union dues) and (ii) voluntary deductions (including health insurance premiums and voluntary retirement contributions)." Trial Court Opinion, 6/23/23, at 6. Of note was Father's voluntary contribution of almost 18% of his gross biweekly income to a Thrift Savings Plan. *Id.* The court observed that "Father himself has conceded that his contribution is voluntary in his Concise Statement. While it is understandable that Father seeks to save for his own retirement, support for the Children 'is a priority obligation' which Father must 'meet . . . by adjusting [his] other expenditures.'" *Id.* at 7 (quoting Pa.R.A.P. 1910-16-1(a)(4)).

The court also considered Father's assertion that support for his mother warranted a downward deviation. At the support hearing, the hearing officer explained that support deviations are warranted only "for other minor children." *Id.* (quoting N.T., 12/7/22, at 11). The court recognized the

hearing officer's consideration of Father's request, as reflected in the Support Order, which provided:

> This guideline was calculated with the additional $760.00 Father pays for his mother and sister as an additional family obligation. However, no deviation is warranted as the total of the immigrant support obligation and his child support obligation is less than one half of his net income. Additionally, in this officer's [opinion], a deviation would not be warranted as child support is a paramount obligation.

*Id.* (quoting Support Order, 12/20/22, at 2). The trial court determined that the hearing officer's conclusion was appropriate. We agree. Father's monthly net income was calculated in accordance with Rule 1910.16-2(c)(1). We find no abuse of discretion on the part of the trial court for denying Father's exception and accepting Father's net monthly income as calculated by the hearing officer. Father's contention fails.

Father also complains that the effective date of his support obligation should be the date of the hearing officer's Support Order, *i.e.*, December 20, 2022, rather than the date the petition to modify support was filed, *i.e.*, March 8, 2022. Father bases his contention on the fact Mother did not attend a scheduled settlement conference in August 2022. However, Pennsylvania Rule of Civil Procedure 1910.17(a) specifically directs that "[a]n order of support shall be effective from the date of filing of the complaint unless the order specifies otherwise." ***See also Albert v. Albert***, 707 A.2d 234, 236 (Pa. Super. 1998) ("[A]n order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification.") The December

20, 2022 Support Order did not specify any effective date other than the date of filing of the petition to modify support. *See* Support Order, 12/20/22, at 2 ("This order is effective March 8, 2022."). Further, as the trial court observed, Rule 1910.17(a) does not create an exception for retroactive application of a support order based on a party's failure to attend a support proceeding. Trial Court Opinion, 6/23/23, at 8. We find the hearing officer correctly set the effective date of Father's obligation and the trial court did not abuse its discretion by denying Father's exception in this regard. Father is not entitled to relief.

Finally, the trial court addressed Father's assertion of trial court partiality and bias, considered case law assessing a trial court's obligation to recuse, and concluded that the trial court properly determined it could be fair and impartial in this matter. Moreover, as the trial court noted, "At no point has Father filed a motion for the court to recuse itself and he did not make any claim of impartiality at oral argument. Father's claim in this regard is waived and, regardless, has no merit." Trial Court Opinion, 6/23/23, at 9-10 (some capitalization omitted). We agree. Father's claims of trial court bias are unfounded and do not provide any basis for relief.

Having reviewed the record and Father's brief, we agree with the trial court's identification of issues Father has presented for review. Both the trial court and this Court have refrained from rejecting Father's claims strictly on the basis of his failure to comply with our rules of appellate procedure.

Instead, based on our review of Father's issues and the applicable law, we reject Father's claims as meritless. We find no abuse of discretion on the part of the trial court for affirming the December 20, 2022 Support Order by order entered March 30, 2023. Therefore, we affirm the March 30, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2024