**SOMERSET COUNTY CHILDREN
AND YOUTH SERVICES,**
Appellant

v.

**H.B.R., Appellee**

**No. 823 WDA 2016**

Superior Court of Pennsylvania.

Argued November 30, 2016
FILED JANUARY 31, 2017

Valerie M. Schwab, Somerset, for appellant.

BEFORE: LAZARUS, SOLANO, AND STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Somerset County Children and Youth Services (CYS) appeals from the order entered May 6, 2016, terminating H.B.R.'s (Father's) child support obligation to his son B.R. (Child). After careful review, we affirm.

The trial court summarized the pertinent factual and procedural history as follows.

> On August 22, 2013, [Child] was put into placement pursuant to court order, with placement costs totaling approximately $24.00 per day. CYS filed a complaint for support against [Father] on September 6, 2013. A conference was scheduled for October 15, 2013, after which [the trial court] entered an interim order for support against [Father] in the amount of [$220.00] per month,[1] including, pursuant to the support guidelines, a $197.51 support obligation, and $22.49 for arrears.

> [1] The interim order specified $220.00 per month however the case file includes an order of Attachment of Unemployment Compensation Benefits which directs that $230.00 per month be attached. Similarly an income with-holding for support form communicated to GNH Trucking, Inc., presumably [Father's] employer at the time, also specified that $230.00 per month be withheld. [The trial court] is unsure of the reason for the [$10.00] discrepancy between our interim order and the attachment/withholding forms.

> On October 29, 2015, [Father] filed a petition for modification of an existing support order wherein [Father] sought termination of his support obligation because [Child] had turned eighteen years old and graduated from high school. On November 3, 2015, [the trial court] scheduled a modification conference for November 25, 2015, and on December 2, 2015, [the trial court] terminated the support order without prejudice, having stated the following rationale: "[Child] has graduated from high school and has reached the age of emancipation. [Child] still remains in placement, but for child support purposes[,] [Child] has been emancipated."

> On December 21, 2015, CYS filed a demand for hearing contesting the termination of [Father's] support obligation because, "[Child] is not emancipated. [Child] continues to be a dependent child under the jurisdiction of the [lower court]. Therefore [Father] is still responsible for support while [C]hild is not in [Father's] care." The [trial court] scheduled a de novo hearing for January 19, 2016; however, [Father] was scheduled for a two-day criminal jury trial beginning on that date. [The trial court] therefore rescheduled the de novo hearing for March 10, 2016.

> In the meantime, on January 20, 2016, [Father's] jury trial resulted in a verdict of guilty, and [Father] was sentenced on

April 18, 2016 to, *inter alia,* a minimum of thirty-six months, and a maximum of one hundred twenty months, in a state correctional institution. On March 10, 2016—that is, between [Father's] guilty verdict and his sentencing—[the trial court] conducted the *de novo* hearing, and [ ] took the matter under advisement.

Trial Court Opinion, 5/6/2016, at 1–2 (unnecessary capitalization and some footnotes omitted).

On May 6, 2016, the trial court issued an order re-affirming its December 2, 2015 order terminating Father's support obligation, "without prejudice to the right of CYS to pursue recovery under 62 Pa. C.S.[ ] § 704.1(e)." This timely-filed appeal followed.[1]

CYS raises the following issues on appeal, which we have reordered for ease of disposition.

[I.]   Whether the trial court committed an abuse of discretion or committed an error of law by terminating the order of support[.]

[II.]   Whether the filing of a complaint for support against [Father] through the domestic relations office pursuant to Pa. R.C.P. [ ] 1910.3, is the appropriate avenue for [CYS] to seek reimbursement costs for [Child] who is over 18, enrolled in post-secondary education, and who remains in foster care[.]

A.   Whether the trial court committed an abuse of discretion or committed an error of law by holding that the proper avenue by which [CYS] must seek reimbursement is dependent upon whether [Child] is capable of self-support[.]

CYS's Brief at 4 (unnecessary capitalization and suggested answers omitted).

Our review of an order terminating a party's child support obligation is as follows.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Krebs v. Krebs,* 944 A.2d 768, 772 (Pa. Super. 2008) (internal citation omitted).

At the outset, we recognize that as a general rule, the duty to support a child ends when the child turns eighteen or graduates from high school. However, pursuant to 23 Pa.C.S. § 4321(3), a parent may be required to support a child who, upon reaching the age of majority, has a mental or physical condition that prevents the child from being self-supporting.

*Kotzbauer v. Kotzbauer,* 937 A.2d 487, 489–90 (Pa. Super. 2007) (citation omitted).

We first address CYS's argument that the trial court erred in terminating the order obligating Father to pay child support. Here, CYS disagrees with the trial court's finding that "unless [Child] can demonstrate some mental or physical disability which would make him unemployable, then [CYS] must recoup [the cost incurred by CYS for Child's care] through some other avenue, not through the support law." CYS's Brief at 9–10. Specifical-

---

1.   CYS and the trial court both complied with the directives of Pa.R.A.P. 1925.

ly, CYS avers "that the law provides no other mechanism by which [CYS] may institute legal proceedings to recoup [the costs of Child's care]. The only statutory or regulatory means for [CYS], as a public body, to institute legal proceedings against [Father] for the reimbursement of the costs expended to provide care for [Child] is through the filing of a support action[.]" *Id.* at 14.

In determining that, outside the circumstances cited *supra*, a parent has no legal duty to provide college educational support, the trial court offered the following analysis.

[I]n 1993, the legislature attempted to pass a statute permitting courts to "order either or both parents who are separated, divorced, unmarried[,] or otherwise subject to an existing support obligation to provide ... for educational costs of their child whether an application for this support is made before or after the child reaches 18 years of age."

Our Supreme Court struck that provision down based on a finding that parents had no duty to provide college educational support to children, and that § 4327(a) failed to pass constitutional muster under the Equal Protection Clause of the U.S. Constitution, pursuant to the rational basis test, because the law irrationally imposed a duty only on divorced, separated, and unmarried parents as opposed to all parents.

Thus, a parent has no duty in Pennsylvania to provide support to a college-age child who has graduated high school and who suffers from no infirmities

which would prevent that child from earning income to help support himself. Accordingly, if CYS seeks to recoup from [Father] funds CYS had spent on [Child], the Support Law does not appear to be the vehicle, unless [Child] can demonstrate some mental or physical disability which would make the child unemployable.[2]

Trial Court Opinion, 5/6/2016, at 6 (citations omitted).

■ CYS has failed to convince us that the trial court's decision "was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Portugal v. Portugal*, 798 A.2d 246, 249 (Pa. Super. 2002). To the contrary, we find the trial court's determination is an entirely reasonable application of our well-established case law. Here, the undisputed facts are that Child is over the age of eighteen and enrolled in post-secondary education. Child has neither a physical nor a mental disability that prohibits him from supporting himself. Thus, regardless of Child's status under the dependency statute, Father is no longer legally obligated to continue paying child support.[3]

In concluding as such, we find distinguishable this Court's holding in *Erie Cnty. Office of Juvenile Prob. v. Schroeck*, 721 A.2d 799 (Pa. Super. 1998). In *Schroeck*, we upheld a parent's obligation to pay for the cost of care for her child, who although over the age of eighteen and no longer in high school, was adjudicated delinquent and court-ordered to participate in a residential program.

---

2. CYS does not argue that Child has a disability that would prevent him from being able to support himself, which would make him eligible for support after reaching the age of majority.

3. Our conclusion does not bar CYS, a public entity, the ability to file and obtain support for

a child in its care from a parent. However, under our current support law, we find that CYS is only able to recoup costs associated with a child's care from his parent(s) until the child reach the age of majority or graduates from high school, whichever occurs later.

"[U]nder the general support law, the son's parents have a duty to support him because he is unemployable and incapable of self-support." *Id.* at 804. This conclusion was premised on the fact that the child's court-ordered participation in a residential program hindered his ability to obtain employment. Here, Child has voluntarily chosen to remain in the custody of CYS until the age of 21, which he is entitled to do. Unlike in *Schroeck*, his continued stay in the foster care system is neither mandatory nor does it render Child incapable of self-support. *See id.* at 803 ("The right of government to seek reimbursement for services provided [to a delinquent child over the age of eighteen under the Public Welfare Code and Juvenile Act] differs substantially from the child's individual right to receive support from a parent [under the support laws]."). No relief is due.

■ To the extent CYS seeks guidance from this Court regarding the trial court's determination that CYS may opt to seek reimbursement through other avenues, namely 62 Pa.C.S. § 704.1(e), and may be successful if it proves that Child is incapable of self-supporting, we remind CYS that this Court may not issue advisory opinions. *See Commonwealth v. T.J.W.*, 114 A.3d 1098, 1102 (Pa. Super. 2015) ("This Court does not render advisory opinions.").[4]

Instantly, the trial court has not ruled on any petition filed by CYS seeking reimbursement for Child under 62 Pa.C.S. § 704.1(e). Consequently, it would be premature to reach the merits on a hypothetical situation, *i.e.* whether CYS would be eligible to obtain reimbursement even if Child is capable of self-supporting.

Thus, after a thorough review, we are unconvinced that any of CYS' arguments entitles it to relief.

Order affirmed.

---

4. Particularly is this so where one of the parties in the case has no real stake in the outcome. Father did not file a brief and thus was not permitted to argue, and given his incarceration is extremely unlikely to have the ability to pay a support order of any kind.