J-A17001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| JOSE DENY VASQUEZ-CORDOBA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIXA HERNANDEZ-MALDONADO | : | No. 123 EDA 2023 |
| A/K/A MARITZA HERNANDEZ- | : | |
| MALDONADO | : | |

Appeal from the Order Entered December 20, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2022-009297

BEFORE:  KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 19, 2023**

Jose Deny Vasquez-Cordoba (Father) appeals from the order entered in the Court of Common Pleas of Delaware County (trial court) denying his emergency petition for custody of his son, D.X.V-H. (d.o.b. 1/03/05).  We dismiss the appeal as moot.

**I.**

Father and Marixa Hernandez-Maldonado (Mother) are the parents of D.X.V.-H., who is a native and citizen of Honduras.  Father and Mother were never married.  Father resides in Delaware County and Mother is a resident of Rock Springs, Wyoming.  On June 9, 2021, D.X.V.-H. entered the United

_____

[*] Retired Senior Judge assigned to the Superior Court.

States and was held by the U.S. Department of Homeland Security (DHS) for ten days before being transferred to a DHS facility in El Paso, Texas on June 18, 2021. The next day, after being released into Father's custody, he traveled to Upper Darby to live with him. He continues to reside with Father and attends school. The DHS placed D.X.V.-H. in removal proceedings and a hearing was scheduled for January 26, 2023.

On December 8, 2022, Father filed a complaint in custody and the subject emergency petition for custody of D.X.V.-H. Father sought emergency custody of D.X.V.-H. to avoid his son's deportation to Honduras due to the country's poor economic conditions and its gang-related violence. Specifically, Father sought custody of D.X.V.-H. before his 18th birthday on January 3, 2023, so that D.X.V.-H. could apply to the DHS for Special Immigrant Juvenile Status (SIJS)[1] which would enable him to obtain his U.S. permanent resident card. The emergency petition averred that Mother did not object to the custody proceedings. (*See* Emergency Petition, 12/08/22, at ¶¶ 10, 18, 22-25). On December 15, 2022, Father filed an affidavit signed by Mother in

---

[1] 8 U.S.C. § 1101(a)(27)(J)(i) ("The term 'special immigrant' means … an immigrant who is present in the United States … who has been … placed under the custody of … an individual or entity appointed by a … juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law.").

which she accepted service of the custody complaint and emergency petition and requested the emergency petition be granted. (**See** Affidavit, 12/15/22).

On December 16, 2022, the trial court denied the emergency petition. It explains in pertinent part that:

> [D.X.V.-H.], pursuant to the Petition, is currently in the care and custody of [Father]. The Petition simply states that [D.X.V.-H.] was abandon[ed] by []Mother …. However, the notion of abandonment is counter to all other relevant portions of the same petition in that [D.X.V.-H.] has a passport, left Honduras on his own, resides with his Father, []Father is financially able to provide for [D.X.V.-H.], and [he] is currently enrolled in school. Whether or not [D.X.V.-H.] is deported shall be determined by an agency independent of the trial court. [D.X.V.-H.] is currently safe with Father, thus no immediate intervention from the court was deemed needed.

(Trial Court Opinion, 4/17/23, at 4).

On December 30, 2022, Father and Mother entered into a custody agreement stipulating Father had custody of D.X.V.-H. However, "D.X.V.-H. turned eighteen (18) years of age three days after the [custody] agreement was filed with the trial court. As such, [D.X.V.-H.] was no longer a minor, now an adult, by the time the Agreement was received by the trial court for review." (**Id.** at 5). On January 10, 2023, Father appealed the trial court's December 16, 2022 order denying his emergency petition.[2]

---

[2] Father failed to file a contemporaneous statement of errors. **See** Pa.R.A.P. 1925(a)(2)(i). However, he timely did so pursuant to the trial court's subsequent order. **See** Pa.R.A.P. 1925(b).

*(Footnote Continued Next Page)*

**II.**

At the outset, we observe that any issue of child custody is moot because D.X.V.-H. turned 18 on January 3, 2023, and no longer falls within the definition of a "child" pursuant to the Child Custody Act (the Act), 23 Pa.C.S. §§ 5301-5340.[3]  As we have reiterated regarding the mootness doctrine:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.  In that case, an opinion of this Court is rendered advisory in nature.[4]  An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**M.B.S.**, 232 A.3d at 927 (citation omitted).

---

On January 30, 2023, this Court issued an order directing Father to show cause why we have jurisdiction over the December 16, 2022 order denying the emergency petition where Father and Mother entered into the December 30, 2022 custody agreement.  Father responded that this Court has jurisdiction because for D.X.V.-H.'s SIJS application to be approved, he has to show that a county court has ruled that he was abandoned by one or both of his parents.  (**See** Father's Response to Order of January 23, 2023 Order, 2/08/23, at ¶ 2).  We do not reach the merits of this argument because, as explained above, it is moot because D.X.V.-H. is no longer a minor.

[3] We raise this basis for mootness *sua sponte*.  **See M.B.S. v. W.E.**, 232 A.3d 922, 927 (Pa. Super. 2020).

[4] It is well-settled that "[t]his Court does not render advisory opinions." **Somerset County Children and Youth Services**, 155 A.3d 627, 631 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1032 (Pa. 2017) (citation omitted).

The Act defines "child" as "[a]n unemancipated individual under [eighteen] years of age." 23 Pa.C.S. § 5322. As we stated in **M.B.S.**, while other Pennsylvania statutes explicitly permit the exercise of jurisdiction past the age of 18 in certain circumstances, the Act does not extend the definition of a child for an individual who is 18-years-old for any reason. **See M.B.S.**, 232 A.3d at 928 (referencing (1) exception to the Juvenile Act's definition of child pursuant to 42 Pa.C.S. § 6302 which allows an individual to be considered a child if the individual is under 21 and in school; and (2) subsection of the Domestic Relations Code that provides for potential continued child support liability for "children who are [eighteen] years of age or older" pursuant to 23 Pa.C.S. §§ 4321 (3)). Thus, in the context of child custody litigation, "[t]he definition of child refers only to the individual's age and emancipation status." **Id.** at 929.

Instantly, Father challenges the trial court's denial of his emergency petition on three bases: (1) finding that Mother did not abandon D.X.V.-H. despite her Affidavit in which she conceded same; (2) misapplying the custody factors mandated by 23 Pa.C.S. § 5328(a); and (3) denying the time sensitive petition without holding a hearing. (**See** Father's Brief, at 7-8). However, because D.X.V.-H. turned 18-years-old on January 3, 2023, the issue of child custody pursuant to the Act is moot. D.X.V.-H. is an emancipated adult and we simply cannot provide any relief to Father that will have legal force or effect on the trial court's custody decision. **See M.B.S.**, 232 A.3d at 927 ("because

- 5 -

the child is now 18-years-old, neither mother nor father may be awarded legal or physical custody of the child pursuant to the Act. ... The child is now free to live with mother, father, or neither parent.") (citation and brackets omitted). Accordingly, we dismiss Father's appeal as moot.[5]

Appeal dismissed. Case stricken from argument panel.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2023

---

[5] Moreover, Father's stated reason for obtaining an emergency custody order to enable D.X.V.-H. to apply for SIJS status also is moot for the same reason. (**See** Father's Brief, at 25) (acknowledging that when D.X.V.-H. "turned 18[,] [he would] lose the opportunity to file for SIJS.").