J-A32032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KRISTIN NEVINS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN NEVINS, | |
| Appellant | No. 971 EDA 2016 |

Appeal from the Order Entered March 2, 2016
in the Court of Common Pleas of Delaware County
Domestic Relations at Nos.: 2014-01806
PACSES #161114870

BEFORE: DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 28, 2017**

Appellant, Sean Nevins (Father), appeals *pro se* from the child support order entered March 2, 2016, which modified the parties' child support obligations. We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's May 27, 2016 opinion. Father and Appellee, Kristin Nevins (Mother), were married on May 27, 2001. The parties separated in August 2014, and share custody of their two children. On September 4, 2014, Mother filed a complaint for support. After a hearing before the master, the court issued a child support order on December 12, 2014.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 27, 2015, Mother, a lawyer who experienced a decrease in salary because the partner for whom she worked left the firm, filed a petition for modification of child support. In her petition, she alleged a substantial change warranting an increase in support because her income decreased and Father's income had increased. After a hearing on December 16, 2015, the master entered a recommendation modifying child support to reflect the changes in income, which the trial court signed and filed on December 22, 2015. Father objected to the master's findings, and the modified child support order, and demanded a hearing *de novo*.

On March 1, 2016, the trial court conducted a hearing *de novo*, during which both Mother, who was represented by counsel, and Father *pro se*, participated. At the hearing, Father argued that Mother's petition to modify was based on a temporary dip in income from October 2015 through December 2015, and that during that time she did not make a good faith effort to find a better paying job. (*See* N.T. Hearing, 3/01/16, at 6). Father also argued that the court should impute an income for Mother because she was working part time[1] and not earning so much as she could have been earning as an intellectual property attorney. (*See id.* at 6, 11-13).[2] The

---

[1] Father conceded that Mother worked forty hours each week, but argued that forty hours was part time in her field. (*See* N.T. Hearing, at 6, 14, 16).

[2] In support of his argument, Father submitted a report from a vocational expert. (*See* N.T. Hearing, at 12-13). Although the expert was not at the hearing to testify, and the court acknowledged the report was hearsay, it
*(Footnote Continued Next Page)*

court found that Mother accepted a salaried position at the law firm, starting in January 2016, which paid substantially more than her hourly position. (**See id.** at 9; Trial Court Opinion, 5/27/16, at 3).

At the hearing, Father agreed that Mother's net monthly income was $6,153.33 from January 1, 2016, onward. (**See id.** at 20, 29). He contested the court's calculation of his net monthly income, arguing that he expected to owe taxes for 2015 based on withholdings and deductions. (**See id.** at 23, 25). However, because Father had not filed his taxes at the time, the court found that his claims were speculative, and offered that he could request a modification of support after he filed his taxes. (**See id.** at 25-26). Ultimately, the court found that Father's net monthly income was $10,376.74. (**See id.** at 29).

Based on these findings, the court arrived at a basic support obligation of $1,148.53 per month. (**See id.** at 30). It adjusted the obligation to account for Father paying the full cost of health care. (**See id.**). The court determined that it was not going to adjust the order for the children's tuition and extracurricular activities because they would change based on the children's ages. Thus, it ordered the parties to agree to what the children would do and split the cost of both activities and tuition with Father paying

_(Footnote Continued)_ ————————

admitted it. (**See id.**). The court explained that it did "not give much weight to the report as the expert did not interview Mother and Mother is not a litigator as the report assumes." (Trial Ct. Op., at 3).

sixty-three percent and Mother paying thirty-seven percent. (*See id.* at 32-34). With respect to the period from October 2015 through December 2015, the court accepted that Mother's decrease in income was a substantial continuing involuntary decrease in income. (*See* Trial Ct. Op., at 4).

Thereafter, the court entered an order providing for child support for the two children

> to be paid from Father to Mother in the amount of $1,175.45 per month plus $175 toward arrears for the period of October 27, 2015 through December 31, 2015. The [o]rder then provided for a payment from Father to Mother of $1,249.47 per month plus $125 towards arrears from January 1, 2016 forward.

(*Id.* at 1). Father's timely appeal followed.[3]

Father, *pro se*, raises ten questions on appeal:

1. Did the trial court err in failing to assess an earnings capacity to [Mother]?

2. Did the trial court err by modifying support payments due to normal fluctuations in [Mother's] earnings?

3. Did the trial court err in calculating [Mother's] monthly net income for the period 10/27/15—12/31/15?

4. Did the trial court abuse its discretion by instructing [Father] to jointly complete a "Guideline" form with [Mother's] counsel prior to the hearing, and ignoring [Father's] objection that the form submitted by [Mother's] counsel was substantially different from the form agreed [to] by both parties?

_____

[3] Pursuant to the trial court's order, Father filed a statement of errors complained of on appeal on April 25, 2016. *See* Pa.R.A.P. 1925(b). The trial court entered its opinion on May 27, 2016. *See* Pa.R.A.P. 1925(a).

5.    Did the trial court err in calculating [Mother's] monthly net income (1/1/16 forward) by failing to include [Mother's] entire income?  For example, did the trial court fail to include [Mother's] additional income of 25% of her billings?

6.    Did the trial court abuse its discretion in denying [Father's] submission of Guideline Calculations while allowing for [Mother] to submit such calculations?

7.    Did the trial court err in calculating [Father's] monthly net income?

8.    Did the trial court abuse its discretion by ignoring [Father's] monthly income deduction?

9.    While the trial court correctly applied Rule 1910.16-6(d) in its determination that tuition expense for Daughter is reasonable, and allocated the expense thereof between the parties in proportion to their net incomes, did the trial court err in its implementation of this finding by failing to subtract [Father's] share of said tuition expense from his support payment according to Rule 1910.16-4(a)(14)(e)?

10.   Did the trial court abuse its discretion by eliminating the previously provided for swimming and guitar extra-curricular activities for Daughter and Son respectively (while properly keeping piano and karate)?  Was there a change in circumstances that warranted elimination of these activities for the children?

(Father's Brief, at 3-4).

The standard of review for an order modifying child support is well settled.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either

manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

***Krebs v. Krebs***, 944 A.2d 768, 772 (Pa. Super. 2008) (citation omitted).

In his first issue, Father argues that the trial court erred in not assessing an earning capacity to Mother.  (**See** Father's Brief, at 7-12). Specifically, he claims that Mother willfully worked on a part-time basis so that she could spend more time with their Children, and based on the report from his expert witness, Mother is earning significantly less than she is capable of earning.  Therefore, he contends that the evidence did not support the court's conclusion that Mother had not willfully failed to maintain appropriate employment.  (**See id.**).  We disagree.

Pennsylvania Rule of Civil Procedure 1910.16-2 provides that the court may impute an earning capacity for a party "[i]f the trier of fact determines that a party to a support action has **willfully failed to obtain or maintain appropriate employment**[.]"  Pa.R.C.P. 1910.16-2(d)(4) (emphasis added).

Here, the trial court

made the determination that Mother had not at any point willfully failed to maintain appropriate employment and therefore did not impute an earning capacity to her.  Mother is an attorney who works in the field of intellectual property/patent law.  She earned approximately $82,000 in 2013 and $77,000 in 2014.  In 2015[,] there was a temporary drop in her income as a result of a change at the law firm not instigated by Mother. . . . During that time, Mother continued to work a forty[-]hour week while also meeting with job recruiters.  Before Mother obtained alternate employment, her current employer added a new partner and offered Mother a salaried position at $105,000 per year.

(Trial Ct. Op., at 2-3).

Upon review, we conclude that the trial court's finding, that Mother did not willfully fail to maintain appropriate employment, is supported by the record. The trial court did not abuse its discretion when it decided not to impute an earning capacity for Mother. *See Krebs*, *supra* at 772. Father's first issue is meritless.

In his second and third issues, combined in his argument, Father argues that the trial court erred by modifying the child support payments for October through December 2015. (*See* Father's Brief, at 12-15). Father claims that the court "misapplied the law[]" when it concluded that Mother's income during that time period was a substantial continuing involuntary decrease in income. (*Id.* at 13). We disagree.

Pennsylvania Rule of Civil Procedure 1910.16-2 provides that:

> (2) **Involuntary Reduction of, and Fluctuations in, Income.** No adjustments in support payments will be made for normal fluctuations in earnings. However, appropriate adjustments will be made for substantial continuing involuntary decreases in income, including but not limited to the result of illness, lay-off, termination, job elimination or some other employment situation over which the party has no control unless the trier of fact finds that such a reduction in income was willfully undertaken in an attempt to avoid or reduce the support obligation.

Pa.R.C.P. 1910.16-2(d)(2).

Here, the testimony at the hearing established that, in October 2015, Mother's law firm did not have enough work for her to do after the partner, under whom Mother worked, left the firm. (*See* N.T. Hearing, at 7-8). After he left, Mother accepted a different responsibility at the firm, still working

forty hours a week, and looked for alternative legal work. (**See id.** at 8). Mother accepted a salaried position at the firm on January 1, 2016.

Upon review, we conclude that the trial court did not abuse its discretion when it found that Mother's reduction in income from October through December 2015 was a "substantial continuing (albeit for a short period) involuntary decrease in income." (Trial Ct. Op., at 4); **see Krebs**, **supra** at 772; Pa.R.C.P. 1910.16-2(d)(2). Father's second and third issues do not merit relief.

In his fourth issue, Father claims that the trial court abused its discretion by instructing him to complete a guideline form jointly with Mother's counsel prior to the hearing. (**See** Father's Brief, at 15-16).[4] Father failed to develop this issue with citation to any pertinent legal authority. **See** Pa.R.A.P. 2119(a) (requiring discussion and pertinent legal authority in support of each point raised in brief). Furthermore, Father has not shown, nor does our review of the record reveal, that he ever objected to the guideline form provided by Mother's counsel.[5] "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Thus, Father has waived his fourth issue.

_____

[4] Although Father combined issues four through eight in his brief, we discuss each separately.

[5] We further note that the record supports the trial court's finding that "[t]here was absolutely no time at which [the trial c]ourt instructed Father to complete a guideline form with Mother's counsel." (Trial Ct. Op., at 4).

In his fifth issue, Father claims that the trial court erred in its calculation of Mother's monthly net income. (*See* Father's Brief, at 15, 17-18). His argument in support of this issue is limited to one paragraph wherein he alleges that the court's calculation of Mother's income did not include her commissionable income. Father has not attempted to develop this issue with any citation of pertinent legal authority. *See* Pa.R.A.P. 2119(a). Therefore, we conclude that his claim is waived.

Moreover, even if we did not find waiver, Father's claim would not merit relief. Our review of the certified record reveals that the trial court determined Mother's net monthly income based upon the evidence at the hearing, her paystub. (*See* N.T. Hearing, at 17-20). At the hearing, Father briefly claimed that Mother's salary would include a commission not reflected on her paystub, (*see id.* at 10-11), but did not offer any proof of this allegation, or any supporting evidence. Therefore, we would conclude that the trial court did not abuse its discretion when it determined Mother's net monthly income based on the information before it during the hearing. *See Krebs*, *supra* at 772. Father's fifth issue would not merit relief.

In his sixth issue, Father claims that the trial court erred by denying him the opportunity to submit a guideline calculation form. (*See* Father's Brief, at 3). However, Father failed to present any argument in support of this claim. Thus we conclude that it is waived. *See* Pa.R.A.P. 2119(a).

In his seventh and eighth issues, Father claims that the trial court erred when it calculated his monthly net income and abused its discretion by

not accounting for monthly income deductions. (*See* Father's Brief, at 15-17). Again, Father has failed to present any legal argument in support of this claim, therefore we conclude that it is waived. *See* Pa.R.A.P. 2119(a). Moreover, it would not merit relief.

Our review of the certified record reveals that the trial court determined Father's monthly net income based on the information presented during the hearing, his W-2 federal tax form. (*See* N.T. Hearing, at 22). Father argued that his W-2 did not accurately reflect his income because he anticipated owing federal taxes. (*See id.* at 23, 25). However, because Father had not yet filed his taxes at the time of the hearing, the court concluded that his proposed modifications were estimates. (*See id.* at 25). Therefore it calculated Father's income based on his W-2, and told him that after he did his tax return, he could "file for modification[.]" (*Id.* at 25-26). Accordingly, we conclude that the trial court did not abuse its discretion when it determined Father's net monthly income based on the information before it during the hearing. *See Krebs*, *supra* at 772. Father's seventh and eighth issues would not merit relief.

In his ninth issue, Father claims that the court erred by removing the school tuition adjustment from the support order, and instead directing the parties to pay their portion of the tuition directly to the Children's schools.

(***See*** Father's Brief at 18-19).[6]   Father has failed to present any legal argument in support of his claim, therefore we conclude that it is waived. ***See*** Pa.R.A.P. 2119(a).   Moreover, we note that the trial court was well within its discretion to order that Father and Mother make tuition payments directly to the school.   (***See*** Trial Ct. Op., at 7); ***Krebs***, ***supra*** at 772. Father's ninth issue would not merit relief.

Finally, in his tenth issue, Father claims that the trial court erred by removing an adjustment for extracurricular activities from the support order. (***See*** Father's Brief, at 19-20).   However, Father has failed to develop any legal argument in support of his claim.[7]   ***See*** Pa.R.A.P. 2119(a).   Thus it is waived.   Moreover, upon review, we find no abuse of discretion in the trial court's order providing that Mother and Father were both responsible for paying the cost of activities that they agreed the children should take part in.   ***See Krebs***, ***supra*** at 772.   Therefore, Father's tenth issue would not merit relief.

Order affirmed.

_____

[6] We note that, the majority of Father's argument in support of this claim consists of allegations that Mother has failed to pay her portion of the tuition for her daughter's school, information that was not before the trial court. (***See*** Father's Brief, at 18-19).

[7]  Rather, he argues, without citation to the certified record, that since the hearing, Mother has taken actions changing the children's activities.  (***See*** Father's Brief, at 19-20).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/28/2017</u>