J-A30025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THEODORE P. HOWARD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLAUDIA S. HOWARD | |
| Appellant | No. 633 EDA 2016 |

Appeal from the Order Entered January 28, 2016
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): DR No. 167213
PACSES No. 576114391

BEFORE:  BOWES, OLSON and STABILE, JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED MARCH 07, 2017**

Appellant, Claudia S. Howard (Wife), appeals from the child support order entered on January 28, 2016 in the Domestic Relations Division of the Court of Common Pleas of Northampton County.  We affirm.

The trial court has aptly summarized the relevant procedural history.

> On December 23, 2013, [Theodore P. Howard (Husband)], filed a complaint for support seeking support for three children, [J.M.H.], born [i]n January [], 1997, [A.A.H.], born [i]n January [], 1999, and [A.D.H.], born [i]n December [], 2001.

> The parties were ordered to appear at a support conference scheduled for January 21, 2014.  On that date, counsel for [Husband] and counsel for [Wife] entered their respective appearances, and counsel for [Wife] requested a continuance of the conference.  On March 3, 2014, the complaint was reinstated and the parties were ordered to appear at a support conference on March 27, 2014.  The conference was subsequently rescheduled to May 8, 2014, on which date the parties and their counsel appeared before [a conference officer].  At the

conclusion of the conference, [the conference officer] deferred disposition on the complaint pending receipt of further documentation from both parties regarding their respective income[s].

On June 24, 2014, the court [] entered an interim order [] requiring [Wife] to pay support in the amount of $144.00 per month for the three children, allocated as $120.00 for current support and $24.00 for arrears. The June 2014 order set arrears at $790.84 as of the date of the order, which were due in full immediately. Pursuant to the June 2014 order, [Wife] was responsible for 60% of any unreimbursed medical expenses, while [Husband] was responsible for the additional 40%. Further, [Husband] was required to provide medical insurance for the children, proof of which [had] to be submitted to the Domestic Relations Section within [30] days. Additionally, the June 2014 order noted that the support amount was based on an assessed earning capacity for [Wife] and considered the Social Security Derivative benefits being received by [Father] on behalf of the children.

On July 16, 2014, [Father] filed a written demand for a *de novo* hearing regarding the June 2014 Order. [After several continuances, the parties and their counsel appeared before the trial court on July 29, 2015. On that date, the court entered an order stating that the matter was continued until October 26, 2015. Depositions were to be completed by August 5, 2015 and the parties' income tax returns for 2013 and 2014 were to be submitted to counsel and the court by September 30, 2015. Briefs were to be filed by October 26, 2015 and no further continuances were to be granted].

On October 26, 2015, the parties and counsel appeared before the [trial court] and submitted their respective briefs, a civil custody order dated October 19, 2015, the required tax returns and supporting documents, and the deposition transcripts of [Husband, Wife, Husband's accountant, and an administrator of the preparatory school attended by J.M.H. and A.A.H.].

On January 28, 2016, following a thorough review of the file, the submitted documents, transcripts, and the briefs of the parties, [the trial court] entered the order currently on appeal[.] The January 2016 [o]rder provided that for the time period from December 20, 2013 through December 31, 2014, basic support

of three children would be in the amount of $2,644.00 per month, considering that [Husband] was receiving Social Security Derivative benefits for the three children from [Husband's] claim for Social Security benefits. However, effective January 1, 2015, [Wife's] support obligation was modified to the amount of $3,208.00 per month, allocated as $2,673.00 for basic support for the three children, plus $535.00 per month to apply to arrears. The calculation for modified support, effective January 1, 2015, considered that [Husband] was receiving Social Security Derivative benefits for two of the children, specifically [A.A.H.] and [A.D.H.], being paid from [Husband's] claim.

Additionally, the January 2016 Order indicated that the calculation of [Wife's] income for both applicable time periods was based on: 1) an assessed annual gross earning capacity of $78,000.00 as an experienced property manager from the Pennsylvania Occupational Wage Survey; and 2) [Husband's] interest/dividend income. Therefore, based upon this assessed income, [Husband's] adjusted monthly net income was $1,928.00 based upon [his] Social Security income and [his] interest/dividend income. While we reviewed the parties' 2014 Federal Income Tax returns, and the parties' October 19, 2015 shared custody arrangement for [A.D.H.], neither resulted in a change in the guideline award due to the average of the overall custody arrangements for the three children.

As a further aid to the court, [Husband] was directed to provide proof that the parties' child, [J.M.H.], was attending high school, as well as proof of health insurance coverage and the costs thereof, within ten days. Finally, [Wife's] liability for all unreimbursed medical expenses was set at 86%, while [Husband] would be liable for 14% of all unreimbursed medical expenses. All other stipulations from the June 2014 order were to remain in full force and effect.

Trial Court Opinion, 5/2/16, at 2-7 (record citations and superfluous capitalization omitted).

Wife filed a timely notice of appeal to this Court on February 23, 2016. Thereafter, on March 14, 2016, Wife filed a concise statement of errors complained of on appeal pursuant to court order under Pa.R.A.P. 1925(b).

Wife filed a second concise statement on March 17, 2016, listing substantially the same issues as her previous submission. The trial court issued its Rule 1925(a) opinion on May 2, 2016.

Wife raises five issues for our review:

Did the trial court abuse its discretion by assessing Wife an earning capacity of $78,000.00 when the testimony was clear that Wife has only had minor hourly jobs since 2001, including a job where she earned $450.00 per week, she did not earn any income in 2014 and, therefore, her income was overstated and exaggerated by the trial court?

Did the trial court abuse its discretion in finding that Wife had an earning capacity of $78,000.00 as an experienced property manager although Wife never worked as a property manager and has no training or experience in that field?

In assessing Wife an earning capacity of $78,000.00 based on being a full-time experienced property manager, did the trial court abuse its discretion in failing to consider [that] the parties' shared custody arrangement requires Wife to provide transportation to and from school for their youngest child, [A.D.H.], and, therefore, Wife is not able to work any type of full-time job?

Did the trial court abuse its discretion in failing to analyze Husband's lavish lifestyle and assessing Husband's income, solely based on Husband's social security income and interest/dividend income, and failing to consider all of Husband's income, including the rental income he receives from the apartment building located at 311 West 71st Street, New York, NY?

Did the trial court abuse its discretion in failing to consider and enforce the terms and conditions of the marital agreement, with respect to child support, ancillary expenses and Husband's obligation to pay for health insurance and unreimbursed medical expenses?

Appellant's Brief at 3-5.

Wife's appeal challenges a child support order entered by the trial court. Our standard of review over such cases is well established.

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Krebs v. Kreb*, 944 A.2d 768, 772 (Pa. Super. 2008).

We address Wife's first two issues together as they are closely related. Wife alleges here that the trial court abused its discretion by imputing to her an earning capacity of $78,000.00 as an experienced property manager. Specifically, she asserts that she lacks experience and training within the field and her recent employment history confirms substantially diminished compensation levels.

We disagree with Wife's objections. As the trial court found, the record establishes that Wife has the education, training, and work history to support an imputed earnings capacity of at least $78,000.00 as an experienced property manager. *See* Trial Court Opinion, 5/2/16, at 9-18. Since the deposition testimony and documentary evidence supports the trial court's findings, there is a valid basis for its determinations. Accordingly, we discern no ground for relief in Wife's first two claims.

In her third claim, Wife argues that the trial court abused its discretion in assessing an earning capacity of $78,000.00 (which assumes full-time employment as an experienced property manager) since the court overlooked Wife's obligation, under the parties' shared custody arrangement, to transport [A.D.H.] to and from school. Our review of the record and the trial court's opinion convinces us that the court considered, but rejected, this claim. The trial court "was [unpersuaded] that [Wife could not] work a full-time job, as a property manager or otherwise, because she ha[d] to transport a [14-year-old] to and from school on the days on which she has custody of him." *Id.* at 21. The court reached this conclusion after noting that Wife merely shared custody of her son, that she was able to work full-time when her other children were 14-years-old, and that "[t]here was no testimony or evidence regarding how far the school is from [Wife's] home, what time school starts, what time school ends, or information regarding activities or sports in which [A.D.H.] is engaged that would change pickup or drop off times on the days [Wife has custody of A.D.H.]."[1] *Id.* at 21. Because the record supports these determinations, we are not inclined to disturb the trial court's ruling on this issue.

In her fourth claim, Wife maintains the trial court abused its discretion in assessing Husband's earnings based solely upon his social security income

---

[1] The court further noted the absence of testimony regarding transportation alternatives for A.D.H. *See* Trial Court Opinion, 5/2/16, at 21-23.

and funds received as interest or dividends, while failing to consider his rental income and his "lavish lifestyle." In its opinion, the trial court, citing the deposition testimony generated in this case, explained its income calculation for Husband, as well as the fact that much of the rental income received from the parties' New York properties was offset by mortgage expenses. *See id*. at 18-19. In addition, the court explained that Husband used the significant funds obtained through the sale of various assets, including a hotel, to meet his monthly expenses. *Id*. at 20. In view of these circumstances, which are firmly demonstrated by the record, we discern no abuse of discretion in the assessment of Husband's income.

In her final claim, Wife argued that the court abused its discretion in failing to consider and enforce the terms of the parties' agreement as to matters concerning child support. Here, an agreement signed by the parties and notarized on August 7, 2012 stated that Husband would pay child support in the amount of $4,000.00 per month, as well as school tuition and unreimbursed medical costs. The agreement further provided that the support payments would continue only so long as Husband received income generated by the parties' hotel. Neither side disputes that the hotel has ceased operations. Accordingly, as the trial court determined, Husband's obligations under the August 7, 2012 agreement have concluded and this claim offers Wife no basis for relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2017