J-A11032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| L.I.K. | | : | IN THE SUPERIOR COURT OF |
| | | : | PENNSYLVANIA |
| | Appellant | : | |
| | | : | |
| | | : | |
| | | : | |
| v. | | : | |
| | | : | |
| | | : | |
| | | : | |
| K.M.K. | | : | No. 1636 MDA 2019 |

Appeal from the Order Entered September 11, 2019
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  2014-01228,
PACSES No. 154112593

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:                **FILED JUNE 15, 2020**

Appellant L.I.K. ("Mother") appeals from the September 11, 2019, order entered in the Court of Common Pleas of Lancaster County, which sustained, in part, Mother's *de novo* appeal and ratified the conference officer's recommendation as a final child support order.[1]  We affirm.

We adopt the trial court's detailed recitation of the relevant facts and procedural history.  Trial Court Opinion, filed 11/1/19, at 1-4.

On appeal, Mother sets forth the following issues:

1. Whether the Honorable Court erred in not adhering to the precedent of ***Krebs v. Krebs***[, 944 A.2d 768 (Pa.Super. 2008)]?

---

[*] Former Justice specially assigned to the Superior Court.

[1] Lancaster County follows the procedure set forth in Pa.R.C.P. 1910.11.

2. Whether a modification petition was a condition to the application of **Krebs v. Krebs**?

3. Whether the doctrine of unclean hands should be applicable to this child support matter?

4. Whether the Trial Court has the right to consider evidence not presented in a *de novo* proceeding in making a judicial determination?

Mother's Brief at 4 (suggested answers omitted). [2]

Pennsylvania's Domestic Relations Code governs support orders and relevantly provides the following:

> **§ 4352. Continuing jurisdiction over support order**
>
> ***
>
> **(e) Retroactive modification of arrears.--**No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification.  If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor.  However, modification may be applied to an earlier period if the petitioner was precluded from filing a petition for modification by reason of a significant physical or mental disability, misrepresentation of another party or other compelling reason and if the petitioner, when no longer precluded, promptly filed a petition….

---

[2] "Appellate review of support matters is governed by an abuse of discretion standard.  When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." **R.K.J. v. S.P.K.,** 77 A.3d 33, 37 (Pa.Super. 2013) (citation, quotation marks and quotation omitted).

23 Pa.C.S.A. § 4352(e) (bold in original). **See** 23 Pa.C.S.A. § 4353 (pertaining to a party's duty to report any material change in circumstances relevant to the level of support).

In **Krebs**, this Court relevantly held the following:

> [P]arties to a support proceeding are duty bound to report material changes affecting support. A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition. An order modifying a support order is ordinarily retroactive to the date of filing of a petition for modification. Where a misrepresentation has occurred, however, the court may order a modification of arrearages retroactive to the date a party first misrepresented income if the other party promptly filed a modification petition upon discovery of the misrepresentation. There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable.

**Krebs**, 944 A.2d at 774-75 (citations, quotation marks, and quotations omitted).

In the case *sub judice*, the trial court determined Mother did not meet her responsibility to file a modification petition promptly when she first had reason to suspect Father's misrepresentations, and therefore, the trial court did not order Father to pay increased child support retroactively to 2016. We find no abuse of discretion, defer to the trial court's credibility determinations,

and affirm on the basis of the trial court's well-reasoned opinion. **See** Trial Court Opinion, filed 11/1/19, at 4-5.[3]

For all of the foregoing reasons, we affirm. In the event of further proceedings, the parties shall attach and redact the names from a copy of the trial court's November 1, 2019, opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2020

---

[3] We find no merit to Mother's contention the trial court erred in considering whether she came into court with "clean hands," *i.e.*, whether she fulfilled her duty to report any material change in circumstances. Both parents are equally responsible for the support of their children. **Frankenfield v. Feeser**, 672 A.2d 1347 (Pa.Super. 1996). Thus, the trial court did not err in considering Mother's failure to report, particularly as it relates to the trial court's analysis regarding the reasons Mother failed to file a timely petition for modification.

Further, we find no merit to Mother's contention the trial court erred in failing to hold a proper *de novo* hearing on September 6, 2019, particularly as it relates to evidence regarding her earning capacity. There is no indication Mother was prevented from presenting any relevant testimony in this regard.

Form CM-520 07/15

Service Type M                                           Worker ID 36502

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

L.I.K.,                                            :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
_____        _____ :
                Plaintiff,

No. Cl-2014-01228

PASCES NO. 154112593

K.M.K.,
Defendant.

## Pa.R.A.P. 1925(a) OPINION

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), this is the Court's

Pa.R.A.P. 1925(a) Statement subsequent to the Defendant's Concise Statement of Matters

Complained of on Appeal in this child support action.

1.    PROCEDURAL HISTORY

This appeal arises from a petition for modification filed by [K.M.K.] on May 24, 2019,

requesting that a child be removed from the active support order due to the child's emancipation.

The former support order had been entered after a hearing on August 21, 2015, and directed

[K.M.K.] to pay $1,298.65 per month for the support of two children. This order was effective

January 30, 2015 ("the 2015 Order"). The 2015 Order was based on [K.M.K.'s] annual income

of $216,000 as an employee of Integra Lifescience Sales and [L.I.K.'s] annual income of $66,456.

On July 16, 2019, the parties attended a support conference [1] to address [K.M.K's] May 24, 2019 petition. They failed to reach an agreement and the conference officer recommended that one child be removed from the order due to emancipation, that [L.I.K.] be assessed an income of $15 per hour for 40 hours a week, and that [K.M.K.] pay $2, 189.86

---

[1] Lancaster County follows the procedure of Rule 1910.1 1,

for support of his remaining child. Not satisfied with this outcome, [L.I.K.], filed a demand for a de novo hearing before the court. The hearing took place on September 6, 2019.

While recognizing the fact that the appeal to this court is de novo, at the outset of the hearing the court asked each counsel what aspects of the conference officer's decision, if any, they were appealing in order to narrow the issues for which testimony must be taken. Counsel for [L.I.K.] explained her appeal is premised upon a claim of Krebs v. Krebs and that [K.M.K.] had failed to report changes in his income. (Tr. 4:13—17). This was the only matter at issue in [L.I.K.'s] statement on the record of her assertion of error in at the support conference. [K.M.K.] did not appeal any aspects of the conference officer's decision. There was no dispute as to the income of the parties, only that [K.M.K.] had failed to report his changes in income.

11.    FACTS

[L.I.K.] testified that [K.M.K.] never told her of his changes in income since the 2015 Order. She also admitted that she did not tell [K.M.K.] of the various job changes and changes in income she experienced since the 2015 order. She admitted that she was aware of [K.M.K.'s] job changes since 2015 and even contacted him about his new employment. (Tr. 14--15). In July 2018, [L.I.K.] filed a custody modification, brought the child to the custody

conference to seek to have [K.M.K.] reduce his time with the child because the child did not want to go to [K.M.K.'s] home. [K.M.K.] agreed to these terms.

[L.I.K.] is currently employed at the Income Store where she works 25 hours per week, earning $15 per hour. Prior to the July 2019 support conference, [L.I.K.] did not disclose her change in job or income to [K.M.K.] or the Domestic Relations Office. (Tr. 14). Since 2015, [L.I.K.] has bought a business which eventually she closed, and leased space

for a shop which was later not approved by the borough. [L.I.K.] failed to report these jobs or any income related to them to [K.M.K.] or the Domestic Relations Office. (Tr. 14). As to her current employment, [L.I.K.] presented no evidence as to why she cannot work 40 hours a. week. She testified that she lives in the home of her boyfriend and pays her boyfriend $2,300 per month in rent. [1] No proof of any payment was provided and the court found her testimony that she pays rent to her boyfriend not to be credible.

[K.M.K.] has worked in medical sales for many years. He testified that his employer changed in February 2018 from C- Spine to Vice President for sales of Choice Spine. Evidence of [K.M.K's] income showed income in 2016 of $236,407; 2017 of $396,668; and 2018 of $376,424. His most recent pay stub indicates a base salary of $310,000. In the summer of 2019, Choice Spine was purchased by a private equity group and this group was not satisfied with the volume of sales that [K.M.K.] oversaw. [K.M.K.] was terminated on August 13, 2019, with his severance pay of $11,923.08 extending through November 2019. [K.M.K.] credibly denied any additional income in 2019. He is working with an executive recruiter to find another job.

[K.M.K.] credibly testified that he advised the Domestic Relations Office of his job change in February 2018, the same month he started at Choice Spine. He also credibly testified that [L.I.K.] never informed him of any of her job transitions. With respect to his custody of the child [K.M.K.] explained that during a custody exchange his son was emotional and distraught and he was concerned [L.I.K.] would call the police if he did not relent to his son's requests not

---

[1] The court finds this testimony utterly incredible. [L.I.K.] presented testimony that her net annual income for 2017 and 2018 was approximately $28,DDO. If one were to accept her testimony, this means that of her $28,000 in net income, she pays $27,600 of it in rent to her boyfriend.

to go with his father. Immediately after this, [L.I.K.] filed a custody petition to reduce his custody time.

After the de novo hearing, on September 1 0, 2019, the court ratified and confirmed the May 31, 2019, order and added that effective August 13, 2019, the day of [K.M.K.'s] termination, his child support Obligation would be based on his severance salary of $1 i ,923.08. [L.I.K.] timely appealed and filed a concise statement of the matters about which she is complaining, to wit that the court erred: (I) by failing to order retroactive support to her; (2) by making no finding related to Schedule "C" income; and, (3) by failing to specify the incomes of the parties.

111.    DISCUSSION

The court did not issue an opinion with respect to this appeal but merely issued an order of support. The order confirmed and ratified the court's order of July 19, 2019, and established a new tier of support given [K.M.K.'s] termination. The narrow issue identified by [L.I.K.'s] counsel was a request for retroactive support. The other claims of error raised by [L.I.K.] have been waived. However, even if not waived, the claims have no merit.

A. [L.I.K.] is Not Entitled to Retroactive Support

The Pennsylvania Superior Court has explained in Krebs v. Krebs that:

parties to a support proceeding are duty bound to report material changes affecting support. A party seeking to modify a support order has the burden of proving a modification is warranted and that he/she promptly filed a modification petition. An order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification. Where a misrepresentation has occurred, however, the court may order a modification of anearages retroactive to the date a party first misrepresented income if the other party promptly filed a modification petition upon discovery of the misrepresentation. There is no bright-line rule for determining if a petition for modification was promptly filed. We look to the facts of each case and ask whether the delay was reasonable.

4

Krebs v. Krebs, 944 A.2d 768, 774—75 (Pa. Super. 2008) (internal citations and quotations omitted) (emphasis added). Here, [L.I.K.] has not "promptly filed a modification petition" seeking to modify support based on a discovery of misrepresenting income. In fact, there is nothing in the record to suggest that [L.I.K.] has ever filed a petition to modify support in this case since its inception. [L.I.K.] has also failed to come into court with clean hands.

[K.M.K.] testified that he notified the Domestic Relations Office in February 2018 of a change in employment. There is no indication that he reported the significant change in income reflected on his tax returns or income statements. There can be little question that changes in excess of $100,000 in income are material. [K.M.K.] provided no excuse for his failure to report this income. However, [L.I.K.] testified that she was aware of each of [K.M.K.'s] changes in employment at the time they happened, yet she did nothing to seek a modification. She also testified that she never informed [K.M.K.] of any of her changes in employment or income. She thus seeks to hold [K.M.K.] to a standard she has not met.

Krebs contains an element of equity pinned to the underlying statutory principles. A party is not permitted to sit on her hands and claim no knowledge of a change in income when being informed of each change in employment. While this does not excuse [K.M.K.'s] failure to report his change in income, it calls into question [L.I.K.'s] decision not to file for a modification. The court is left to surmise that [L.I.K.], though being aware of [K.M.K.'s] changes in employment, made a decision not to seek a modification. This could be due to her own failure to ever notify [K.M.K.] of her job changes, let alone income changes; or perhaps to avoid disclosing she has minimal living expenses possibly justifying a downward deviation in [K.M.K.'s] support. See

5

footnote 2 above. Her failure to file a petition fails to initiate a <u>Krebs</u> review and her unclean hands prohibit relief here.

B. The Court Found the Testimony of [K.M.K.] to Be Credible

[L.I.K.] assigns error to the fact that the court did not attribute additional income to [K.M.K.] based on earning from a company named Albion cited on his tax return. For the reasons stated above, the court did not order retroactive support. [K.M.K.] credibly testified that he did not receive any income from Albion in 2019.

C. The Court Specified the Incomes of the Parties

[L.I.K.'s] final assignment of error is that the court failed to specify the incomes of the parties. The court's order of September 10, 2019, identifies [K.M.K.'s] current income of $11,923.08 and creates a tiered order. The first tier of the order ratifies and confirms the order of July 19, 2019 which specifies [L.I.K.'s] monthly income of $4,393.76 and [K.M.K.'s] monthly income of $22,544.58. The second tier takes effect on [K.M.K.'s] date of termination, August 13, 2019, based on his severance pay of $1, 923.08 per month.

IV. CONCLUSION

For the reasons stated above, the order of this court should be affirmed.

BY THE COURT:

LEONARD G. BROWN, m, JUDGE

ATTEST:

Cc:    Mark R. Ashton, Esq.
       Rebecca Cheuvront, Esq.

6