J. S26020/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| K. W. K. | | : | IN THE SUPERIOR COURT OF |
| | Appellant | : | PENNSYLVANIA |
| | | : | |
| | v. | : | |
| | | : | |
| M. L. L. | | : | |
| | | : | |
| | | : | |
| | | : | No. 1700 MDA 2016 |

Appeal from the Order Entered September 12, 2016
In the Court of Common Pleas of York County
Domestic Relations at No(s): 3057 SA 2004
DRO: 85452
PACSES 947106911

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 31, 2017**

Appellant K.W.K.[1] appeals the Order entered September 12, 2016, directing that Appellee M.L.L. is not obligated to pay child support. After careful review, we affirm.

The parties have one child together for whom Appellee had been obligated since 2008 to provide $109 per month in child support to

---

[*] Former Justice specially assigned to the Superior Court.

[1] Because this is a child support matter, we are using only initials to identify the parties. We have changed the caption accordingly.

Appellant.[2]  On August 5, 2016, the Domestic Relations Office held an administrative review of that support Order.  Appellee was not in attendance, but the Domestic Relations Officer ("DRO") who presided at the conference had a physician's medical verification form indicating that Appellee is fully disabled due to mental illness.  The DRO entered a nonfinancial obligation Order changing Appellee's child support obligation from $109.00 per month to $0.

Appellant requested a *de novo* support hearing before the court of common pleas.  On September 8, 2016, the court held the hearing at which the solicitor for the Domestic Relations Office appeared on behalf of Appellant.  Appellee appeared *pro se*.  The DRO also attended the hearing.

Appellant's counsel acknowledged Appellee's disability, but argued that Appellee has had the disability for years and has been able to work off and on.  Counsel also acknowledged that the medical verification form indicating Appellee's full disability had been presented at the administrative conference, but "question[ed] what weight can be given to that determination or document."  N.T., 9/8/16, at 5.

Appellee testified that her psychiatrist considered her fully-disabled, and that she was awaiting the resolution of her appeal of the denial of social security disability benefits.  She further stated that she had just recently

---

[2] According to Appellant's counsel, the prior Order was based on a judge's determination that Appellee had an earning capacity of $7.00 per hour at 40 hours per week.

(*i.e.*, four days before the *de novo* hearing) started working 25 hours per week at La Quinta Hotels earning $8.00 per hour. *Id*. at 3-5. Appellant did not object to any of Appellee's testimony.

In response to the court's inquiry, the DRO showed the judge a copy of the medical disability form dated May 16, 2016, indicating that Appellee is fully disabled at least through the end of the year 2016. Appellant did not object. Again in response to court inquiry, the DRO stated that at Appellee's current part-time wage of $8 per hour, her annual income is $10,400, which is below the self-support reserve ("SSR"). Appellant did not object to any of the DRO's testimony.

Appellant stated that he did not agree that the prior Order should be changed because Appellee has been able to work full-time in the past, and he is the only person supporting his son. *Id*. at 7.

The court concluded that because Appellee's income does not exceed the SSR, the "bare minimum a person needs to support themselves," a nonfinancial obligation Order was proper. *Id*. at 7. The court further observed that in light of the psychiatrist's verification, "[t]he fact that [Appellee] is able to work part-time certainly does not raise an implication that she can work full-time[.]" *Id*. at 5. The court informed Appellee that she is required to notify the Domestic Relations Office if her income changes. The court entered the nonfinancial obligation Order on September 12, 2016.

Appellant timely appealed.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the lower court erred by holding the Appellee/Defendant to actual part-time earnings rather than a full time earning capacity based upon a physician's verification form that was contradicted by Appellee's/Defendant's employment and denial of social security?

2. Whether the court erred in inappropriately relying on a physician's verification form that was not admitted into evidence pursuant to Pa.R.Civ.P. 1910.29?

Appellant's Brief at 4 (misspellings corrected; some capitalization omitted).

Appellate review of a child support order is very narrow.  We may reverse a support order only if we find that the Order cannot be sustained on any valid ground.  ***Krebs v. Krebs***, 944 A.2d 768, 772 (Pa. Super. 2008). "The decision of the trial court will not be reversed absent an abuse of discretion or an error of law."  ***Maue v. Gilbert***, 839 A.2d 430, 432 (Pa. Super. 2003) (citations omitted).

Appellant first contends that the trial court erred in giving the psychiatrist's verification form, dated four months prior to the *de novo* hearing, any weight because Appellee testified that she was working part-

time. **See** Appellant's Brief at 8. Appellant is challenging the weight and credibility determinations made by the trial court.[3]

When considering issues of credibility and weight of the evidence, "this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand." **Mackay v. Mackay**, 984 A.2d 529, 533 (Pa. Super. 2009) (citation and quotation omitted).

> When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, [and] the court is free to choose to believe all, part, or none of the evidence presented. [T]his Court is not free to usurp the trial court's duty as the finder of fact.

**Id**. (citations and quotation marks omitted).

Contrary to Appellant's implication, in reaching its decision the trial court considered not only the physician verification form, but also the testimony of the parties and the DRO. The court's Order provides:

---

[3] Appellant also states that Appellee "failed to sustain her burden of proving that her disability caused a change in circumstance to warrant modification of the support order." Appellant's Brief at 9, citing **Caswell v. Caswell**, 421 A.2d 762 (Pa. Super. 1980). That one sentence is the sum and substance of what appears to be a challenge to the sufficiency of the evidence. In addition to failing to develop the argument or to provide any analysis, Appellant failed to raise this challenge in his Pa.R.A.P. 1925(b) statement. We, thus, conclude any sufficiency challenge is waived. **See** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 2119 (delineating appellate briefing requirements); **MacNutt v. Temple Univ. Hosp., Inc.**, 932 A.2d 980, 992 (Pa. Super. 2007) ("Appellants have the burden of developing their claims on appeal; arguments that are not appropriately developed are waived.").

. . . [T]he parties having appeared and upon testimony taken, the Court has ascertained that the Defendant is disabled. In spite of that, she is working part-time but the amount that she is making does not exceed the reserve and, accordingly, there is no basis for a charging order. Accordingly, the plaintiff's [Appellant's] appeal is dismissed and the order continues to be a nonfinancial obligation order with a charging order of 0.

Trial Ct. Order, entered 9/12/16.

In light of our highly deferential standard of review, we decline to reweigh the evidence upon which the trial court based its factual determination. We conclude that there are valid grounds upon which to sustain the court's determination. Accordingly, no relief is due on Appellant's first issue.

Appellant next contends that the "lower court erred by relying on a Physician Verification Form that was never admitted into evidence, and specifically not admitted into evidence in compliance with Pa.R.Civ.P. 1910.29."[4] Appellant's Brief at 9. He also avers that because the form was

---

[4] Pa.R.C.P. No. 1910.29, entitled "Evidence in Support Matters," provides, in relevant part:

If the matter proceeds to a record hearing and the **party** wishes to introduce the completed Physician Verification Form into evidence, he or she must serve the form on the other party not later than 20 days after the conference. The other party may file and serve an objection to the introduction of the form within 10 days of the date of service. . . . In the event that the record hearing is held sooner than 30 days after the conference, the trier of fact may provide appropriate relief, such as granting a continuance to the objecting party.

Pa.R.Civ.P. 1910.29(b)(2) (emphasis added).

"never introduced into evidence at the hearing, … Appellant[] did not have an opportunity to object under Rule 1910.29(b)(2)." Appellant's Brief at 11.

We note initially that it was not a party to the proceeding that presented the document to the court; rather it was the DRO. Accordingly, Rule 1910.29 is arguably not applicable.

Further, "[i]t is axiomatic that, in order to preserve an issue for review, litigants must make timely and specific objections during trial[.]" ***In re R.P.***, 957 A.2d 1205, 1222 (Pa. Super. 2008) (citation omitted); Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be considered for first time on appeal).

In its Pa.R.A.P. 1925(a) Opinion, the trial court emphasizes that Appellant never objected to the admission of evidence at the *de novo* hearing. The record indicates that there were no exhibits admitted during the hearing. However, it was Appellant's attorney who first informed the court that a medical disability verification form had been submitted at the administrative review conference. N.T. at 2. In addition, when the court asked the DRO if a copy of a medical disability form had been submitted at the conference, Appellant did not object. Instead, the following exchange occurred:

> DRO: Last form received was on May 18, 2016. Next form is due September – this month. There is a copy of a form in here dated May 16, 2016, which was before the conference.

> Appellant's Attorney: I don't think it was submitted at the conference.

DRO:  Do you want to see a copy of it?  This is what I have.

The Court:  Thank you.

* * * *

*Id*. at 4.

At no time did Appellant object to the DRO's testimony, the court's review of the form, or Appellee's testimony.  Further, at no time did Appellant's counsel assert an objection based on the existence of Rule 1910.29.  Contrary to Appellant's contention raised here, he had numerous opportunities to object to testimony about the form and the court's review of the form.  He failed to do so.  Such failure to raise this issue before the trial court resulted in waiver.

Moreover, it was in fact Appellant who first brought the existence of the form to the court's attention, and only queried the weight the court should give the form.

Accordingly, we conclude that Appellant's challenge to the court's consideration of the form or testimony about the form has been waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017

- 8 -